THE CITY OF EMPORIA, *et al.*, v. MOSES H. BATES, *et al.*

CITIES; REASSESSMENT OF SPECIAL TAXES; *Power to Reassess, after Injunction Decreed; Legislative Authority.* Where in consequence of the omission of some statutory prerequisite which the legislature might in the first instance have dispensed with, the assessment proceedings taken by a city to collect from certain lots the cost of improvements on the street in front of said lots are defective, and the city is in consequence thereof enjoined from collecting the special taxes thereon, and where it appears, that the improvements were among the ordinary objects of municipal government, and it is not inequitable that the adjoining lots bear the burden thereof, that there was no fraud in the contracts for the work, no excessive expenditures, and no inequality or injustice in the apportionment, *held*, that the city might, notwithstanding said injunction, and after the passage of an act of the legislature curing such defects and granting new authority, proceed by a reassessment and relevy to collect from said lots the cost of said improvements.

### Error from Lyon District Court.

THE *City of Emporia* levied certain special taxes or assessments in 1871 to pay for certain street improvements which had been constructed under a contract with the city. The collection of these taxes was perpetually enjoined by decree of the district court, at the April Term 1872, at the suit of *Bates* and nine others, abutting lot-owners. In July 1872 the mayor and council of said city passed an ordinance for the reassessment of said taxes, and in August thereafter said city council reassessed the same. This action was commenced in December 1872, to enjoin the collection of said reassessed

special taxes, the plaintiffs, *Bates* and others, claiming that such reassessment was an evasion of the injunction previously decreed. Trial at the October Term 1873. [Judgment and decree in favor of plaintiffs, and the *City of Emporia* appeals, and brings the case here on error.

*J. Jay Buck*, for plaintiff in error.

The opinion of the court was delivered by

BREWER, J.: This case is stated by counsel for plaintiff in error, to be in all respects save one, similar to the case of the same plaintiff in error against Norton and others, heretofore decided by this court and reported in 13 Kas. 569. An examination of the record seems to support this statement of counsel; and as no brief is filed for the defendants in error, and no question made as to the correctness of the statement, we shall assume it to be true. It will be needless therefore to consider any of the questions considered in that case, either upon the hearing, or the motion for a rehearing, (*ante*, p. 236.) The point of difference is this: It appears that subsequent to the first proceedings of the city to assess and collect the special assessments, an injunction suit was brought to restrain the city from collecting said assessments, in which suit a final judgment was rendered as prayed for, enjoining the city from collecting said assessments, which judgment was not appealed from, and remains in full force and effect. Thereafter, to subject the lots to the payment of the same improvements, and after the curative legislation of 1872 noticed in the opinion in 13 Kas. 569, the city proceeded to a reassessment and relevy; and it is claimed that the former judgment operates, on the principle of *res judicata*, to prevent such reassessment and relevy. The defect in the prior proceedings was in this, that no estimate of the cost of the improvements was ever made by the city engineer, or submitted to the city council. It was not pretended that the improvements were not among the ordinary objects of municipal government; or that there was any fraud in the contracts; or that it was inequitable

that the adjoining lots should bear the burden thereof; or any excessive expenditures, or any inequality or injustice in the apportionment. There was simply the omission of one of the statutory prerequisites to a valid assessment. Now the injunction restrained any further proceedings to collect the tax under that assessment; but it does not appear that it went beyond that. The city is not disobeying that injunction. It has abandoned that assessment, and does not seek to collect any tax under it. But it is attempting, by new proceedings, and under new authority from the legislature, to charge upon and collect from the lots the cost of the improvements made in front of them. That this may be done, is clear. In *State v. City of Newark*, 34 N. J. 36, a similar question was presented, and in deciding it the court uses this language: "The contention is, that this court having in 1863 set aside the assessment made against the prosecutor for the improvement in question, the judgment then pronounced cannot be nullified or rendered inoperative by act of the legislature. The legal proposition is undoubtedly correct. The judgment of a court of competent jurisdiction cannot be reversed, avoided, or set aside by the legislative power. The question here is, whether the act of 1868 properly considered, has the effect ascribed to it. It must be borne in mind that the act does not revive or attempt to render valid the assessment which this court has declared illegal and set aside. It simply orders a new and independent assessment to be made to collect moneys which the city had expended for the benefit of the prosecutor and others. It leaves the judgment of the court upon the first assessment untouched. Its effect is not to nullify the judgment of this court, but to reimburse the city, by means of a subsequent assessment, for moneys expended in improving a street. I know of no provision of the constitution which restrains the legislature from passing an act authorizing such an assessment, and thus compensate a municipality for benefits conferred." See also, *Howell v. City of Buffalo*, 37 N. Y. 267; *Mills v. Charlton*, 29 Wis. 400. In this last case the court says: "The reassessment of a tax, the proceedings

for the collection of which have once failed, is not a reopening of the judgment by which such former proceedings were declared invalid. Such judgment remains a perpetual stay of the proceedings to enforce the first assessment; but it only affects that assessment, and does not operate upon new proceedings subsequently taken to reassess. It is a judgment merely in abatement of the original proceedings, and by which they are annulled, and not one affecting the groundwork or basis of the tax itself, upon which the legislature may again proceed in the exercise of its unrestricted power over the subject. The original proceedings having failed for reasons which the legislature may lawfully obviate, and the basis for taxation still remaining, namely, the public benefit or improvement received, for which the legislature say the property of the citizen should pay, a reassessment may be authorized."

The judgment of the district court will be reversed, and the case remanded with instructions to enter judgment in favor of the plaintiffs in error, defendants below. It is understood that the next three cases on the docket — City of Emporia v. N. Whittlesey and others, City of Emporia v. I. D. Fox and others, and City of Emporia v. H. Conner — are similar, and the same judgment will be entered in them.

All the Justices concurring.