[No 2294. Decided September 30, 1896.]

C. C. HANSEN *et al.*, *Dike Commissioners*, *Respondents*,
v. HIRAM HAMMER, *County Auditor*, *Appellant*.

CONSTITUTIONAL LAW — ESTABLISHMENT OF DIKING DISTRICTS — AU-
THORITY TO LEVY SPECIAL ASSESSMENTS — APPROPRIATION OF PROP-
ERTY — COMPENSATION TO OWNER — WHAT IS A PUBLIC PURPOSE.

An act of the legislature providing for the establishment of diking
districts, the construction and maintenance of dikes and the assess-
ment of property benefited to pay therefor, is not unconstitutional
under art. 7, § 9, of the constitution, which seems to restrict the
delegation of legislative power to authorize local improvements by
special assessment, or by special taxation of property benefited, to
the corporate authorities of cities, towns and villages, when the
same section further provides that "for all corporate purposes, all
municipal corporations may be vested with authority to assess and
collect taxes, and such taxes shall be uniform in respect to persons
and property within the jurisdiction of the body levying the same."

A law providing for the condemnation of rights of way for the
construction of dikes is not unconstitutional as authorizing a taking
of private property without full compensation therefor having been
made in money, when provision is made therein for ascertaining
the cost and collecting same by assessment or the issuance of bonds,
as the presumption would be that compensation would be provided
in this manner before actual construction began.

The appropriation of land for the construction of local dikes
within the territory of diking districts authorized by law to be
formed is a taking for a public purpose.

Upon the formation of a diking district under Laws 1895, p. 304,
personal service upon every person within the district of notice of
the petition to organize the district is unnecessary, and failure to
give such personal service would not constitute a taking of private
property without due process of law.

Appeal from Superior Court, Skagit County. — Hon.
HENRY McBRIDE, Judge. Affirmed.

*George A. Joiner*, for appellant.

*Million & Houser*, for respondents.

The opinion of the court was delivered by

SCOTT, J.—This case involves the constitutionality of the act providing for the establishment of diking districts. (Laws 1895, p. 304.) The lower court sustained the act, and this appeal was taken.

It is first contended that the act is in violation of § 9, art. 7, of the constitution, which reads as follows:

" The legislature may vest the corporate authorities of cities, towns, and villages with power to make local improvements by special assessment, or by special taxation of property benefited. For all corporate purposes, all municipal corporations may be vested with authority to assess and collect taxes, and such taxes shall be uniform in respect to persons and property within the jurisdiction of the body levying the same."

It is urged with much force that as the constitution authorizes the legislature to vest the corporate authorities of cities, towns and villages with power to make local improvements by special assessment or taxation of property benefited, it in effect prohibits the granting of such power to any other corporation. As the effect of sustaining this contention would be to prohibit all similar legislation and to prevent the construction of such improvements by assessments upon the property benefited except in cities, towns and villages, without an amendment to the constitution, it will be seen that the question presented is a most important one.

Counsel have called our attention to two decisions construing somewhat similar constitutional provisions in other states. One of these is *Updike v. Wright*, 81 Ill. 49, where it was held that such a provision in relation to cities, towns and villages prohibited the granting such power to any other corporation. The other case is that of *State v. Dodge County*, 8 Neb. 124

(30 Am. Rep. 819), where the supreme court of Nebraska took the contrary view and held that such a provision only prescribed the rule of apportionment of such special taxes, and did not prohibit the legislature from conferring power to make local improvements by special assessment or taxation upon property benefited upon other municipal corporations. In both of these constitutions, the second clause of the provision reads "for all *other* corporate purposes" instead of "for all corporate purposes" as ours reads, and the clause could not be construed here as providing a rule of apportionment in constructing such improvements merely, for we have held that cities, etc., could construct them and pay therefor by a general tax, and it would seem that the first clause of the provision would be deprived of any force, if it has not a prohibitive one as to the exercise of the power by other corporations.

Several cases, upon which this provision would have a direct bearing, have heretofore been decided by this court, but in none of them was it called to our attention. These cases are *Board of Directors v. Peterson*, 4 Wash. 147 (29 Pac. 995), where the court held that an irrigation district, formed under the act there in question, was not a municipal corporation within the meaning of § 6, art. 8, of the constitution; *Seanor v. County Commissioners*, 13 Wash. 48 (42 Pac. 552), where, in considering the act relating to an improved system of roads, etc., the court also held that an assessment, levied upon the property benefited, was not a tax within the meaning of § 12, art. 11, of the constitution; and *Cass v. Dicks*, 14 Wash. 75 (44 Pac. 113), which was an injunction suit to restrain the building of a dike under the present law. Legislation involving the same principle was sus-

tained in the two former cases, and the constitutionality of this act was not questioned in the decisions of the last case. It will thus be seen that this case comes to us complicated by those decisions, for, if said provision is held to prohibit legislation of the kind involved here, a different decision should have been rendered in each of those cases. While the effect of holding that it is not a prohibition may be to give little or no effect to the first clause in the provision, and while the general rule is, that a constitution should be interpreted, if possible, to give effect to all parts of it, yet considering the fact that this provision in our constitution is more like the one in the Nebraska constitution than any other to which our attention has been called, and that, at the time our constitution was adopted, the supreme court of Nebraska had construed the same in the case cited, and furthermore in view of the possible effect upon prior legislation and constructed improvements above mentioned, we are somewhat compelled to the conclusion that it should not at this time be held to be a prohibition, and especially as we doubt whether the strictness of the rule of construction, as applied to constitutions rather than acts of the legislature so as to give full effect to every expressed part of it, should obtain in as great a degree at this time as formerly, owing to the modern tendency to legislate in constitutions, as the real spirit and intent of it might thereby be defeated.

The respondents practically concede that the provision in question would amount to a prohibition on the legislature to confer like powers upon other municipal corporations than cities, towns and villages, and that it would apply to counties, they being municipal corporations under our constitution. But it is con-

tended that under the holding of this court in *Board of Directors v. Peterson, supra,* that a corporation of this kind would not be a municipal corporation. But we regard that question, for the purposes of this case, as unimportant, for we would not be disposed to construe the provision as preventing the legislature from conferring upon the corporate authorities of the county similar powers, and at the same time hold that the legislature might carve a district out of a portion of a county and create another set of officers with authority to construct such improvements, for, if so, the legislature could make an entire county a district and thus, by merely providing for other officers to carry on the work, evade the force of the provision. We are of the opinion that the legislature could have conferred the power upon counties directly. The second clause in the provision which provides that "for all corporate purposes, all municipal corporations may be vested with authority to assess and collect taxes," etc., must mean general corporate purposes affecting all the people in the county, and for that reason such taxes should be uniform, but would not prohibit the levying of an assessment upon property benefited for the purpose of constructing an improvement which might benefit a portion of the county only.

It is next urged that the act is in derogation of § 16, art. 1, of the constitution, in that it permits the taking of private property for the right of way without full compensation therefore being first made in money or ascertained and paid into court for the owner. But no such taking is complained of in this case, and from the examination we have given the act, we do not think that it would necessarily result, and, as the case is presented, we are not disposed to hold the act unconstitutional at this time on that ground. While the

cost is to be paid for by an assessment upon the property benefited, authority can be given by the legislature, if it is not now contained in the act, to collect the assessments in advance of the commencement of actual construction. Furthermore, the act provides for the issuance of bonds under certain contingencies to obtain money for the construction of the improvement. While the owners of land to be taken for a right of way, have a right to compensation before they are dispossessed, whether by a municipal or any other corporation (*Lewis v. Seattle,* 5 Wash. 741 (32 Pac. 794), and the money therefor must be provided in some manner for all such owners not waiving advanced payment, still all the preliminaries, including condemnation proceedings, to ascertain the cost and everything in advance of the commencement of actual construction, can be carried on and completed before it is necessary to take the land, and the decree of condemnation can provide for payment before the owner is dispossessed, and for a forfeiture of the right, if not made within a reasonable time. No basis of assessment can be laid until the cost of the improvement is ascertained, and it is necessary to know the cost of the right of way. This law provides that in case the cost of the improvements exceed the benefits, the whole scheme is to be abandoned.

The next objection is answered by saying that the taking is for a public purpose.

It is further contended that the act is unconstitutional because it permits the taking of private property without due process of law, but as to the objections urged in this respect, we do not think it is necessary that there should be personal service, on every person within the district, of notice of the petition to organize the district. And when it comes to obtain-

ing the right of way, ample provision, for service upon owners of land to be taken, seems to have been made, at least there is no question presented in this case which would authorize us to hold that a good and valid service could not be made under the act.

Affirmed.

DUNBAR, ANDERS and GORDON, JJ., concur.

HOYT, C. J., dissents.