## LEON KLEIN

*v.*

## CHARLES L. BOYD, Receiver.

*Opinion filed November 1, 1897—Rehearing denied December 9, 1897.*

1. BONDS—*when judgment of appellate tribunal takes effect.* For the purpose of determining whether or not there has been a breach of the condition of an appeal bond depending on that event, a judgment of affirmance on appeal takes effect at date of its rendition.

2. SAME—*what will not excuse breach of condition in appeal bond.* The failure of an appellant to deliver himself to the sheriff within ten days after affirmance of a judgment for contempt against him, as the condition of his appeal bond required, is not excused by the fact that no copy of the order of affirmance was filed in the lower court within such ten days, since, if such order were necessary, he should have obtained and filed it himself.

3. SAME—*when condition of appeal bond is broken.* A condition that appellant pay a certain sum or surrender himself to the sheriff within ten days after affirmance of the judgment, is not complied with by surrendering within ten days after denial of a petition for rehearing but more than ten days after such affirmance, although judgment of the lower court is stayed by order pending rehearing.

*Klein* v. *Boyd*, 67 Ill. App. 165, affirmed.

APPEAL from the Appellate Court for the First District;—heard there on appeal from the Superior Court of Cook county; the Hon. N. C. SEARS, Judge, presiding.

FELSENTHAL & D'ANCONA, and JOHN S. MILLER, for appellant.

PAM & DONNELLY, and MOSES, ROSENTHAL & KENNEDY, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was an action brought by appellee in the Superior Court of Cook county, against appellant, upon an appeal bond executed by appellant in the Appellate Court for the First District, in the matter of an appeal to this court by one Jacob Berkson from a judgment of affirmance rendered by said Appellate Court in a certain cause

brought to said court by said Berkson. The declaration set up the bond according to its legal effect, which recited, among other things, that in a certain cause pending in the circuit court of Cook county in a proceeding against said Berkson for contempt of court in failing to obey the orders of the court to truly disclose and discover to the receiver certain assets and property in his possession, said Berkson was adjudged guilty of contempt for disobedience and violation of the orders of the court, and that he should stand committed to the common jail of said county until he should comply with said orders or until otherwise discharged in due course of law, and that a warrant issue as required by law, etc.; that on a writ of error sued out by said Berkson, the order and judgment of the circuit court were affirmed by the Appellate Court; that said Berkson then took said cause on appeal to this court, and to obtain said appeal said appeal bond was so given and executed. This bond contained also the following provision, the construction of which involves the only question of importance before this court, viz.: "If the said Jacob Berkson shall duly prosecute his appeal to effect, or, in case such order or judgment shall be affirmed, will surrender himself to the custody of the sheriff of Cook county, or pay to the said receiver the sum of $7500 in said order found to be in possession and under the control of said Berkson and by him required to be paid, together with the interest thereon at the rate of five per cent per annum from December 12, 1891, within ten days after such affirmance, then this obligation to be void, otherwise to remain in full force and virtue."

The defense relied on arose after the suit was brought, and was set up in a plea *puis darrein continuance.* The judgment appealed from, and in which appeal the bond sued on was given, was affirmed by this court on October 29, 1894, and this suit on the bond was begun on November 15, 1894. Berkson, instead of making the payment or

surrendering himself to the sheriff within ten days after the affirmance of the judgment by this court, after the lapse of said ten days, and after this suit was brought, filed his petition for a rehearing, and obtained, under the rules of this court, a stay order, whereby the execution of the judgment was stayed until the disposition of the petition for rehearing. This petition was overruled on March 21, 1895, and the next day a certified copy of the order of affirmance was filed in the trial court, and on the same day Berkson surrendered himself to the sheriff, which surrender was, of course, within ten days after the overruling of the petition for rehearing.

Aside from certain technical questions of pleading which have been elaborately discussed by counsel, and which, however interesting, we think should not interfere with the decision of the case on its merits, there is but one question for decision. That question is fairly stated by counsel for appellant, as follows: "Was Berkson's surrender of himself to the sheriff on March 22, 1895, (which was the same day on which the copy of the order of affirmance or *procedendo* of the Supreme Court was first filed in the Appellate Court, and on which the copy of the affirming order or *procedendo* of the Appellate Court was filed in the circuit court,) a performance of the condition of the bond, by which appellee was exonerated as surety thereon?"

The contention is, that inasmuch as there had been no certified copy of the judgment of affirmance of October 29, 1894, filed in the court where the original order of judgment was entered, and no *procedendo* issued to that court when this suit was commenced or at any time before March 22, 1895, the trial court had no jurisdiction of said cause and the sheriff had no authority to receive the said Berkson into his custody and could not lawfully imprison him under said judgment, and for that reason the said condition of the bond was not violated. It is also urged, that as before such certified copy was filed in the

said trial court a petition for rehearing had been filed in said cause in this court and a stay order obtained, and that as such petition had not been overruled until March 21, 1895, and a copy of such judgment of affirmance had not been filed until the 22d of March, 1895, and as said Berkson had on that day surrendered himself to the custody of the sheriff, said condition of the bond had been complied with and the surety thereon was discharged. We cannot agree with this view. The judgment of affirmance was rendered on October 29, 1894, when the cause was heard and determined in this court, and not on March 21, 1895, when the petition for rehearing was denied. (*Lester* v. *People,* 150 Ill. 408.) This bond was the voluntary contract of the parties, and they must be bound by its terms. Appellant had agreed that, in case the judgment should be affirmed, Berkson would surrender himself to the custody of the sheriff, or pay to the receiver the $7500 found by the court to be in Berkson's possession and required by him to be paid, within ten days after such affirmance. This condition was violated.

It is unnecessary to determine what would have been the effect had Berkson, within ten days after October 29, 1894, when the judgment was affirmed, offered to surrender himself to the custody of the sheriff, and the sheriff had refused to accept such surrender on the ground that no *procedendo* had been issued to or certified copy of the order of affirmance filed in the court which had issued to him the warrant for the arrest and detention of said Berkson. For the purpose of complying with the condition of his bond Berkson could have procured and filed such certified copy of the order of affirmance, if that were necessary, as he really did do after his petition for rehearing had been denied and before the appellant filed his plea.

The point is made that the clause in the bond, "within ten days after such affirmance," relates to and qualifies the condition next preceding it, to pay the $7500 and in-

terest thereon, and not the condition that Berkson would surrender himself to the custody of the sheriff; that, therefore, Berkson had a reasonable time after such affirmance in which to surrender himself to the custody of the sheriff of Cook county, and that he did make such surrender within such reasonable time.   This position is clearly untenable.   By the terms of his obligation he could either pay the money or surrender himself to the sheriff, as he might be advised, but he was bound to do one or the other within ten days after the affirmance of the judgment, and such is the grammatical construction of the conditions of the bond.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*