[No. 2846.  Decided October 18, 1898.]

SKAGIT COUNTY, *Respondent,* v. GEORGE D. McLEAN
*et al., Appellants.*

DRAINAGE — CONDEMNATION — EVIDENCE — JUDGMENT.

Evidence in an action to condemn a right of way for a
drainage ditch, that the ditch, after its construction, was ex-
tended, and thus caused greater damage to the owners of the
land sought to be condemned, is inadmissible, where the alleged
extension was constructed under a different petition, and con-
demnation of the right of way therefor is not sought in the
action at bar.

A judgment condemning a right of way for a ditch for drain-
age purposes should provide that unless the damages assessed
be paid within a reasonable time fixed by the court, the right
to appropriate shall be thereafter forfeited.

Appeal from Superior Court, Skagit County.—Hon.
JESSE P. HOUSER, Judge.  Modified.

*E. C. Million,* for appellants.

*I. E. Shrauger, George A. Joiner, H. B. Slauson, Frank
Quinby,* and *James A. Haight,* for respondent.

The opinion of the court was delivered by

REAVIS, J.—Action brought in the superior court of
Skagit county by respondent to condemn a right of way
through the premises of appellants for a ditch for drain-
age, under the act of the legislature of 1895 (Bal. Code,
§§ 3755-3762).  The ditch was constructed under the act
approved March 19, 1890, and the adjoining property
assessed to pay for such construction.  Appellants de-
murred to the petition for condemnation, the demurrer
was overruled, and a jury empaneled and the cause tried.
Upon the verdict of the jury, a decree of condemnation
was rendered.

Three errors are assigned by appellants: overruling the demurrer, the rejection of certain testimony relating to damages, offered by appellants at the trial, and that the decree did not specify the time within which the respondents should pay into court, for the use and benefit of the appellants, the amount awarded as damages, and that, in case of failure to make such payment, the action should be dismissed.

The principal contention made by appellants is that the acts of 1895 and 1890 are unconstitutional. But these objections all fall within the decision rendered recently in the case of *Lewis County v. Gordon, ante,* p. 80, and were resolved against appellants.

At the trial, testimony was offered by appellants tending to show that the ditch for which the lands were condemned was, after its construction, extended, and that the extension was practically a continuation of the ditch described in the petition, and that the extension ditch carried water which would probably flow in other directions into the ditch across appellants' lands, thereby causing additional water to pass through the ditch on appellants' lands and causing a greater damage in addition to that caused by taking water from contiguous lands which were owned by appellants. Such testimony was, upon objection by respondent, excluded. But, under the stipulation found in the record, it was agreed that the petition for the construction of the ditch was filed with the county commissioners February 11, 1891; and that under such petition the contract was let and a ditch constructed, and it was the same ditch the right of way of which was sought to be condemned. On August 3, 1892, another and different petition was presented to the county commissioners by different petitioners, to drain lands lying north and east of the system of ditches then located. The latter ditch was

so constructed that it emptied its waters into the upper end of the ditch first constructed, and for which right of way is sought to be condemned. Under the stipulation the testimony offered was incompetent.

It is also urged by appellants that the court should have made an order requiring respondent to pay the damages assessed within a reasonable time, which order was requested by appellants. We think this request should have been granted. It was so indicated in the case of *Hansen v. Hammer*, 15 Wash. 315 (46 Pac. 332).

The case is therefore remanded to the superior court with directions to modify the judgment so as to provide that respondent shall pay the amount of damages stated in the judgment to appellants, within a reasonable time, to be found by the court, or that the right to appropriate the right of way through the premises of appellants be thereafter forfeited; and, with such modification, the judgment of condemnation is in all respects affirmed. No costs on appeal will be taxed in favor of either party.

Scott, C. J., and Anders and Gordon, JJ., concur.

Dunbar, J., dissents.