[No. 5513.  Decided September 7, 1905.]

# THE ESPY ESTATE COMPANY, *Appellant,* v. PACIFIC COUNTY et al., *Respondents.*[1]

MANDAMUS — TO COUNTY COMMISSIONERS — COUNTY WHEN PROPER PARTY. In a proceeding to compel the county commissioners to establish a ditch fund and levy a special assessment, to pay warrants issued in part payment of a ditch, the county is a proper party defendant, having at least an indirect interest in the property, and perhaps a direct interest in the costs.

COUNTIES — MANDAMUS TO COMPEL LIQUIDATION OF DITCH WARRANTS—ADJOURNMENT OF BOARD FOR PURPOSES OF DELAY—FAILURE TO ACT. Where the county commissioners are petitioned to establish a ditch fund and levy an assessment, by a creditor who has already waited eleven years, and they take no action on the petition except to postpone consideration until the next regular term, any valid reason for such continuance is matter of defense, and cannot be urged by the county upon a demurrer to a petition for a mandate to compel action, where the petition alleges that they do not intend to take any action in the matter or pay the indebtedness.

SAME—COMPLETION OF DITCH—ABANDONMENT OF PROJECT—FAILURE OF COUNTY TO LEVY ASSESSMENT OR ACQUIRE TITLE TO NECESSARY LAND. Where the county commissioners abandon proceedings for the construction of a ditch for a drainage district, and the property owners take no steps to compel action for six months, a creditor of the district, holding warrants issued in part payment of the ditch, may sue to require the establishment of a ditch fund and the levy of an assessment upon the property benefited or to be benefited, and it would be no defense that the ditch is not completed or that the title to necessary property had not been acquired.

SAME—LACHES OF WARRANT HOLDER—SUIT WITHIN SIX MONTHS OF ABANDONMENT OF PROCEEDINGS. The holder of warrants of a drainage district is not guilty of laches in enforcing an assessment where he commenced suit within six months after the abandonment of the project by the county.

SAME—POWERS OF COURT. In a proceeding by a warrant holder to compel the levy of an assessment to pay warrants upon an abandoned ditch project, the court could direct the levy of an assessment without completion of the ditch, or could direct its completion and the acquisition of necessary property to be followed by an assessment.

[1] Reported in 82 Pac. 129.

Appeal from a judgment of the superior court for Pacific county, Irwin, J., entered October 15, 1905, dismissing a proceeding for a writ of mandamus, upon sustaining demurrers to the petition. Reversed.

*Sol. Smith* and *William H. Gudgel,* for appellant.

*H. W. B. Hewen,* for respondents.

Root, J.—This proceeding was brought in the superior court for a writ of mandate requiring the county commissioners of Pacific county to establish a ditch fund, and to make a special assessment, under the provisions of the act of March 19, 1895 (Laws 1895, p. 142), to pay certain warrants, issued in part payment for the construction of a ditch, and owned by appellant. These warrants were issued in the year 1893, and amount to about $1,600, face value, besides interest amounting to nearly as much more. Under the act of March 19, 1890, said county had created a drainage district and partially completed a ditch therein. This statute was subsequently, by this court, held to be unconstitutional. *Askham v. King County,* 9 Wash. 1, 36 Pac. 1097; *Skagit County v. Stiles,* 10 Wash. 388, 39 Pac. 116.

The curative act of March 19, 1895, was thereafter enacted, and, thereunder, said county proceeded to condemn a right of way, and to acquire title to such property as was necessary for the purposes of the ditch for the construction of which the original district had been created. As a part of said proceedings, the commissioners condemned a strip of land through the property of one A. C. H. Moore, and wife, situated near the lower terminus of said ditch. For the taking of this property, a judgment in the sum of $700 was, by the court, awarded said owners, and the county was given until March 8, 1904, within which to pay therefor. On the 7th of March, 1904, the county refused to pay said award and gave notice of abandonment of said right of way.

On the 17th of August, 1904, relator petitioned the board of county commissioners to establish a ditch fund, as required by the statute, or apportion the expense incurred in constructing said ditch, upon the property benefited, and to proceed to collect the same. The board took no action regarding said petition except to postpone the consideration thereof until the next regular term to be holden in the succeeding October. It is alleged by relator that this continuance of the hearing was solely for delay. It is further alleged that neither the respondents, nor the persons whose property was and is benefited by the ditch, have paid, or intend to pay, anything toward liquidating the indebtedness evidenced by these warrants.

Relator's motion for a writ was based upon the foregoing and other facts, set forth in an affidavit, to which the county and the board of commissioners separately demurred, upon the grounds of misjoinder and that the affidavit did not state facts sufficient to constitute a cause of action. The trial court sustained each of the demurrers. Relator electing to stand upon its affidavit, a judgment of dismissal was entered. From this judgment, an appeal is taken to this court.

It is contended by respondents that the county was neither a necessary nor proper party. We do not think it was a necessary party; but as this was a proceeding affecting property and property rights within its limits, and in which it at least had an indirect interest, and involved costs as to which it might possibly have a direct interest, we think it was a proper party. *American Bridge Co. v. Wheeler,* 35 Wash. 40, 76 Pac. 534. The condemnation proceedings are required to be in the name of the county.

It is urged that it does not appear that the board of commissioners refused or neglected to comply with relator's request; that the postponement of the consideration of the petition to its next regular meeting should not be deemed such refusal or neglect. If there were any good reason for

the continuance, it could have been set up as a defense. These warrants had been held without payment for about eleven years. In the absence of assurances that the board intended to take some steps looking to their payment, we do not think relator was under any obligations to wait longer. No suggestion is made that the board did do anything with the matter at its next regular session, although nearly a year has since expired. If steps had then been taken to provide the fund and make the desired assessment, a suggestion thereof to the court would have worked a suspension or termination of this proceeding.

Contention is made, that the performance of no clear legal duty has been refused; that the ditch in question has not been completed, and the necessary property not condemned or acquired, and that the board has no jurisdiction to assess the benefits until that is done; and that it is not alleged that the board has ability to borrow money for the fund in the manner required by the statute.

It affirmatively appears that, after the amount of an award had been announced by the court as to certain property taken, the board abandoned the taking of the property, and did nothing thereafter to consummate the acquisition of the property necessary to the completion and maintenance of said ditch. Having thus abandoned the project as contemplated, we think this relator, as a creditor, was not obliged to wait thereafter longer than it did before commencing this proceeding. Upon the abandonment of the undertaking, the property owners benefited, or to be benefited, by the ditch could undoubtedly have compelled the board of commissioners to proceed with the condemnation proceedings, or to in some way acquire title to the property necessary for the construction and use of the ditch, and to complete the same, if it were not already finished. But it does not appear that any such steps were taken. The abandonment was announced March 7, 1904. After waiting until September 8, 1904, relator instituted this pro-

ceeding. We do not think respondents can be heard to say that, because title to all necessary property has not been obtained, they are not required to establish the ditch fund and levy the assessment contemplated by the statute. Those who did work in constructing this ditch are entitled to their pay. Neither the neglect of the commissioners, nor the indifference of the property owners, should be permitted to prevent such payment.

It is urged that relator has been guilty of laches. We think not. Relator could not have maintained this action until the necessary property was acquired or the project abandoned. The latter event occurred only six months prior to the commencement of this proceeding. If, prior to said abandonment, there was unnecessary delay in prosecuting the condemnation proceedings, it would appear to have been the fault of respondents rather than of relator. Respondents ought not to be permitted to take the advantage of their own wrong.

If the facts as set forth in appellant's affidavit are established upon the trial, the writ should issue; and, if the board does not borrow the money, or otherwise secure its production and pay these warrants, then the aggregate cost of said ditch should be, by said commissioners, apportioned to each lot, tract of land, road or railroad, according to the benefit which has, and will, result thereto, respectively, not exceeding the amount of such benefit, in accordance with the provisions of the statute. Any objection, by such owners of benefited property, that the condemnation proceedings and the construction of the ditch have not been completed should not be deemed any defense to the right to make the assessment. The trial court could properly direct the commissioners to proceed as aforesaid, or it could require them to proceed immediately and acquire, by condemnation or otherwise, the property necessary to the completion of the ditch, and then levy the assessment as provided by the statute.

Whichever course is taken, prompt action should be required and no unnecessary delay anywhere permitted.

The judgment of the honorable superior court is reversed, and the cause remanded, with instructions to overrule both of the demurrers, and to proceed with the matter in accordance with the views herein expressed.

MOUNT, C. J., CROW, RUDKIN, HADLEY, FULLERTON, and DUNBAR, JJ., concur.