[No. 6508.   Decided February 13, 1907.]

THE STATE OF WASHINGTON, *on the Relation of John Ames,
Respondent,* v. THE COUNTY OF LEWIS *et al.,
Appellants.*[1]

DRAINS—MANDAMUS—TO COMPEL LIQUIDATION OF DITCH WAR-
RANTS.  Mandamus lies in favor of the holder of warrants, issued in
part payment for the construction of a ditch, to compel the county
commissioners to borrow money or levy a special assessment to
establish a fund to pay the principal and interest due on the war-
rants, where the commissioners had abandoned the project and re-
fuse or fail to take any steps to complete the ditch or levy the
assessment.

SAME—DEFENSES.  An objection by owners of benefited property
that condemnation proceedings and the construction of a ditch are
not completed, is no defense to the right to make an assessment to
pay the warrants issued in part payment of the construction, where
the project had been abandoned.

Appeal from an order of the superior court for Lewis
county, Griffin, J., entered May 21, 1906, awarding a per-
emptory writ of mandate.  Affirmed.

*Reynolds & Stewart,* for relator.

*J. R. Buxton,* for appellants.

PER CURIAM.—This is an appeal from an order awarding a
peremptory writ of mandamus against the county commis-
sioners of Lewis county, commanding them to borrow or other-
wise procure money to pay the principal and interest on cer-
tain warrants issued to the relator, or his assignors, under the
provisions of an act of the legislature of this state, entitled:
"An act to provide for the construction, repairing and protec-
tion of drains and ditches for agricultural, sanitary and do-
mestic purposes, and to provide for the organization of drain-
age districts, and declaring an emergency," approved March

[1]Reported in 88 Pac. 760.

19, 1890, Laws of 1889-90, p. 652; or to apportion the aggregate cost of a certain ditch to each lot, tract of land or railroad, according to the benefits which has or will result thereto respectively, not exceeding the amount of such benefits; or to proceed immediately to acquire by condemnation or otherwise the property necessary to the completion of the ditch in question, and to levy an assessment therefor, as provided by the act of March 13, 1895, entitled, "An act providing for the payment of expenses incurred in compliance with an act entitled 'An act to provide for the construction, repair-, ing and protection of drains and ditches for agricultural, sanitary and domestic purposes, and to provide for the organization of drainage districts, and declaring an emergency,' approved March 19, 1980, and declaring an emergency." Laws of 1895, p. 142.

The facts in this case differ in no material respect from the case of *Espy Estate Co. v. Pacific County*, 40 Wash. 67, 82 Pac. 129. In that case the court said:

"If the facts as set forth in appellant's affidavit are established upon the trial, the writ should issue; and, if the board does not borrow the money, or otherwise secure its production and pay these warrants, then the aggregate cost of said ditch should be, by said commissioners, apportioned to each lot, tract of land, road or railroad, according to the benefit which has, and will, result thereto, respectively, not exceeding the amount of such benefit, in accordance with the provisions of the statute. Any objection, by such owners of benefited property, that the condemnation proceedings and the construction of the ditch have not been completed, should not be deemed any defense to the right to make the assessment. The trial court could properly direct the commissioners to proceed as aforesaid, or it could require them to proceed immediately and acquire, by condemnation or otherwise, the property necessary to the completion of the ditch, and then levy the assessment as provided by the statute. Whichever course is taken, prompt action should be required and no unnecessary delay anywhere permitted."

The order from which the present appeal is prosecuted follows almost verbatim the language of the foregoing opin-

ion, and on the authority of that case the judgment must be affirmed.

In view of the conclusion we have reached on the merits, we express no opinion on the motion to dismiss for failure of the county commissioners to file an undertaking for costs on appeal.