[No. 7021. Decided October 29, 1907.]

LEWIS COUNTY, *Respondent*, v. WILLIAM McGEORGE, JR., TRUSTEE, *et al.*, *Appellants.*[1]

EMINENT DOMAIN—DRAINS—PROCEEDINGS UNDER INVALID ACT—CURATIVE STATUTE—DAMAGES. Where a drainage ditch was constructed across lands of the defendants under an act afterwards declared unconstitutional because it had not provided for compensation to the defendants, the legislature may pass a curative act providing for condemnation of a right of way for the ditch theretofore constructed; and in such proceedings the defendants are not entitled to compensation for the ditch on the theory that it was constructed on their premises by the trespassers, where the rights of the parties are adjusted as nearly as possible according to natural justice; since the legislature could protect the equitable interests of the parties constructing the ditch.

Appeal from a judgment of the superior court for Lewis county, Rice, J., entered June 28, 1907, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to appropriate and condemn a right of way for a ditch for drainage purposes. Affirmed.

*C. L. Parker* and *E. P. Dole,* for appellants.

*Millett & Harmon,* for respondent.

RUDKIN, J.—Between the 24th day of October, 1890, and the 15th day of June, 1895, the respondent, Lewis County, caused to be constructed and completed what is locally known as the Whittaker Lowry Ditch, with the exception of a certain lateral and the acquisition of the right of way, under the provisions of the act of March 19, 1890, entitled, "An act to provide for the construction, repairing and protection of drains and ditches for agricultural, sanitary and domestic purposes, and to provide for the organization of drainage dis-

[1]Reported in 92 Pac. 268.

tricts, and declaring an emergency." Laws of 1890, p. 652. The act of 1890 was thereafter declared unconstitutional by this court. *Askham v. King County*, 9 Wash. 1, 36 Pac. 1097 ; *Skagit County v. Stiles*, 10 Wash. 388, 39 Pac. 116.

The present proceeding was instituted under the act of March 19, 1895, entitled "An act providing for the payment of expenses incurred in compliance with an act entitled 'An act to provide for the construction, repairing and protection of drains and ditches for agricultural, sanitary and domestic purposes, and to provide for the organization of drainage districts, and declaring an emergency' approved March 19, 1890, and declaring an emergency," (Laws of 1895, p. 142), to appropriate and condemn a right of way for the ditch theretofore constructed under the void act of 1890, over certain lands belonging to the appellants. The parties waived a jury trial and agreed upon the damages to be awarded to the appellants, unless the appellants should be adjudged entitled to compensation for the taking of the ditch constructed under the act of 1890. The court held that the appellants were not entitled to compensation for the taking of the ditch as such, and entered judgment for the stipulated damages. The present appeal is prosecuted from that judgment, and the right of the appellants to recover compensation for the taking of the ditch constructed by the county under the provisions of the act of 1890 presents the sole question for consideration in this court.

Briefly stated, the contention of the appellants is this: The act of 1890 was void, the persons or officers who constructed the ditch under its provisions were trespassers, the ditch immediately upon its construction became the property of the owner of the land upon which the same was constructed, and cannot therefore be taken without just compensation having been first made or paid into court for the owner, under § 16 of Art. 1 of the state constitution. This argument is plausible but we deem it unsound. In *Lewis County v. Gor-*

*don*, 20 Wash. 80, 54 Pac. 779, it was held that the act of 1895, *supra*, was constitutional and that the legislature might give legal sanction to the moral obligation that existed in favor of those who had performed labor or expended money in the construction of drains or ditches under the act of 1890. A similar ruling has been made in numerous like cases. *State ex rel. Traders Nat. Bank v. Winter*, 15 Wash. 407, 46 Pac. 644; *State ex rel. Hemen v. Ballard*, 16 Wash. 418, 47 Pac. 970; *Espy Estate Co. v. Pacific County*, 40 Wash. 67, 82 Pac. 129; *State ex rel. Ames v. Lewis County*, 46 Wash. 423, 88 Pac. 760; *United States v. Realty Co.*, 163 U. S. 426, 16 Sup. Ct. 1120, 41 L. Ed. 215.

If the legislature may, under the constitution, authorize and enforce the payment of expenses incurred in the construction of drains and ditches under a void act, may it not at the same time recognize the moral and equitable claims of those who have constructed the drain or ditch and paid for such construction? The constitution protects the substance and not the shadow. As said by Judge Cooley, "A statute cannot be void as an unconstitutional interference with private property which adjusts the equities of the parties as nearly as possible according to natural justice." Constitutional Limitations (7th ed.), p. 553.

In *Bellingham Bay etc. Co. v. Strand*, 14 Wash. 144, 44 Pac. 140, 46 Pac. 238, it was held that the appropriation of land under condemnation proceedings will not entitle the owner, in the award of damages subsequently made, to a judgment including the value of buildings erected on the land by the appropriator prior to the rendition of judgment in the condemnation proceedings. The doctrine of this case was reaffirmed in *Seattle & Montana R. Co. v. Corbett*, 22 Wash. 189, 60 Pac. 127, and *Lake Whatcom Logging Co. v. Callvert*, 33 Wash. 126, 73 Pac. 1128. In the former case the court said:

"It would be monstrously unjust to hold that it [the railway company] should be required to pay the value of the im-

provements which it had placed upon the land prior to its acquisition."

In the act under consideration the legislature recognized the moral obligation of the creditors and the equitable rights of those who constructed and paid for the ditch, it adjusted the equities of the parties "as nearly as possible according to natural justice," and in so doing, in our opinion, violated no provision of the state constitution. The judgment is therefore affirmed.

HADLEY, C. J., FULLERTON, ROOT, DUNBAR, CROW, and MOUNT, JJ., concur.