[No. 8007. Department One. June 3, 1909.]

LEWIS COUNTY, *Respondent*, v. JOHN W. McCUTCHEON et al., *Appellants*.[1]

EMINENT DOMAIN—DRAINS—STATUTES. Laws 1895, page 142, authorizes condemnation proceedings by a county to acquire a right of way for a drainage ditch completed under the unconstitutional act, Laws 1890, p. 652.

SAME—LIMITATIONS. Laws 1895, p. 270, limiting actions by municipal corporations to collect special assessments for any local improvement to ten years after delinquency of the assessment, applies to condemnation proceedings by a county to acquire a right of way for a drainage ditch, under Laws 1895, p. 142, constructed under a prior unconstitutional act; since such proceeding is a mere incident to the power to institute proceedings for the purpose of obtaining money to pay the costs incurred under the void act.

[1]Reported in 101 Pac. 1083.

SAME—CONSTRUCTION OF DRAINS UNDER VOID ACT—LIMITATIONS.
A proceeding by a county under Laws 1895, p. 142, to provide for the
payment of expenses incurred in constructing a drainage ditch un-
der the unconstitutional act of 1890, must be commenced within a.
reasonable time; and a delay of more than eleven years is unrea-
sonable.

Appeal from a judgment of the superior court for Lewis
county, Rice, J., entered October 24, 1908, upon findings in
favor of the plaintiff, in an action to appropriate and con-
demn rights of way for a drainage ditch and to determine the
compensation to be paid therefor. Reversed.

*J. W. A. Nichols,* for appellants.
*U. E. Harmon,* for respondent.

MORRIS, J.—In the year 1893, Lewis county constructed
and completed, except the acquisition of rights of way, what
is known as the Joel Stearns ditch. The work was done un-
der the Laws of 1890, page 652, chapter 21, which act was
held unconstitutional by this court in *Askam v. King County,*
9 Wash. 1, 36 Pac. 1097. In 1895 an act providing for the
payment of expenses incurred in compliance with the void
act of 1890, being Laws of 1895, page 142, chapter 79, was
passed by the legislature, declaring an emergency, which act
was approved March 19, 1895. Under the latter act, this
proceeding was commenced to acquire rights of way for said
ditch, and to determine the amount of compensation, if any,
to be paid. On March 27, 1908, these appellants appeared
and filed their demurrer to the petition generally and upon
the ground, among others stated, that the proceeding was
barred by the statute of limitations. This demurrer was
overruled, and the parties then entered into a stipulation,
waiving a jury and agreeing that the amount, if any, to be
determined as compensation, should be the sum fixed by the
appraisers who acted in behalf of the county. The court
thereupon entered its decree of condemnation for the lands,

and fixed the compensation at the sum of $171.90, and appellants, duly excepting, have appealed.

Appellants contend that the act of 1895 does not confer upon respondent the right of eminent domain under which it may condemn and appropriate lands for the ditch in question. This court has recognized or upheld the right to condemn land for ditches and drains under the act in question, in numerous cases. *Lewis County v. Gordon,* 20 Wash. 80, 54 Pac. 779; *Skagit County v. McLean,* 20 Wash. 92, 54 Pac. 781; *State ex rel. Latimer v. Henry,* 28 Wash. 38, 68 Pac. 368; *Espy Estate v. Pacific County,* 40 Wash. 67, 82 Pac. 129; *State ex rel. Ames v. Lewis County,* 45 Wash. 423, 88 Pac. 760; *Lewis County v. McGeorge,* 47 Wash. 414, 92 Pac. 268. These cases are a sufficient answer to this contention.

The second contention of appellants is that proceedings under this act are barred by the statute of limitations providing for the commencement of actions for collection, or to enforce the lien of, any special assessment within ten years. Laws 1895, p. 270. This contention we are inclined to sustain, holding that the statute referred to applies, at least by analogy, to proceedings under this act of 1895. The right of eminent domain, in so far as it can be held to be granted under the act of 1895, is a mere incident to the power conferred to institute proceedings for the purpose of obtaining money with which to pay the cost and expenses incurred under and by virtue of the void act of 1890, and should be exercised within ten years as provided for in the act of 1895. *Frye v. Mount Vernon,* 42 Wash. 268, 84 Pac. 864. Even though we were inclined to hold that the limitation act of 1895 did not apply to proceedings under this act, it must be conceded that actions to obtain the benefit of such an act must be commenced within a reasonable time. As was said by this court, in *Olympia v. Knox,* 49 Wash. 537, 95 Pac. 1090, in passing upon the time in which a reassessment should be made, it is impossible to fix any definite rule; and courts

24—53 WASH.

should hesitate to question the actions of municipalities in this respect in determining the time in which they shall act. But this cannot be carried to the extent of ignoring the rights of others. The time elapsing between the approval of the act of 1895 and the commencement of this proceeding was eleven years and eight months, an unreasonable·time under any theory.

We conclude that the court was in error in overruling the demurrer, and the judgment is reversed and the cause remanded with instructions to dismiss the action.

RUDKIN, C. J., FULLERTON, CHADWICK, and GOSE, JJ., concur.