(No. 14243.—Judgment affirmed.)

THE PEOPLE *ex rel.* W. G. Sprague, Appellee, *vs.* FRANK A. CLARK *et al.* Appellants.

*Opinion filed December 22, 1921.*

1. CONSTITUTIONAL LAW—*legislature cannot set aside or change judicial decision.* Legislative power consists in establishing rules to regulate transactions subsequent to the establishment of the rules, while the judicial function is to construe the law and apply it to transactions or conditions existing at the time of the exercise of the power; and where the existing law has been construed and applied by the court and the rights of the parties finally determined, the legislature has no power to change the judgment or interfere with its execution or to direct the court to set it aside.

2. SCHOOLS—*the validating act of May 4, 1921, does not apply where final judgment is entered prior to its passage.* The act of May 4, 1921, validating the organization of certain community consolidated school districts, does not apply where the Supreme Court, prior to the passage of the act, has entered a final judgment reversing a judgment of the circuit court and remanding the cause with directions to enter a judgment of ouster, even though a petition for rehearing in the case was not denied until after the passage of the validating act and though the proceedings were stayed until the petition was denied. (*People* v. *Stitt,* 280 Ill. 553, distinguished.)

APPEAL from the Circuit Court of Pike county; the Hon. HARRY HIGBEE, Judge, presiding.

LEE CAPPS, and GEORGE C. WEAVER, for appellants.

BARRY MUMFORD, State's Attorney, (WILLIAMS & WILLIAMS, of counsel,) for appellee.

Mr. Justice Cartwright delivered the opinion of the court:

In January, 1920, an information in the nature of *quo warranto* was filed in the circuit court of Pike county against the appellants, calling upon them to show by what authority they claimed to hold and exercise the offices of president and members of the board of education of the pretended Community Consolidated School District No. 60, in that county. Upon a trial by the court there was a judgment for the appellants, and the relator brought the record to this court by writ of error for a review. On April 21, 1921, the opinion of this court was filed deciding the case upon its merits, holding the election to organize the district void because women were not entitled by law to vote, and the judgment of this court was entered reversing the judgment of the circuit court and remanding the cause to that court, with directions to enter a judgment of ouster against the appellants. (*People* v. *Clark,* 298 Ill. 170.) On April 26, 1921, the mandate of this court commanding the circuit court to enter a judgment of ouster was issued and was filed the next day in the circuit court, together with a certified copy of the opinion. Notice was given to the attorneys for the appellants that the relator would on May 7, 1921, apply for judgment as directed by this court. On May 4, 1921, the General Assembly passed an act with an emergency clause, approved on the same day, providing that in all cases where a majority of the inhabitants, regardless of sex, of any contiguous territory bounded by school district lines, voting on the proposition, having voted at any election called for the purpose by a county superintendent of schools in favor of the organization of such territory into a community consolidated school district, and when, at a subsequent election similarly called and held, a board of education had been chosen for such district, each such election was thereby declared legal and valid and the ter-

ritory legally organized and established as a community consolidated school district. The act purported to make legal all elections at which women had voted and the territory lawfully organized as a school district by virtue of such elections. On May 5, 1921, the appellants filed in this court their petition for rehearing, and on May 6, 1921, an order was made staying any further proceedings under the judgment until the next term of this court, and the stay order was filed in the circuit court. No further action was taken until the June term, 1921, of this court, at which term the appellants filed a motion for leave to file as additional reasons for rehearing the passage of the act of May 4, and they also moved to abate the action in accordance with the legislative command contained in section 3 of the act. The rehearing and the motion to abate were denied. On June 25, 1921, after the denial of the rehearing, the relator applied to the circuit court for a judgment of ouster, which was entered as directed by this court, and from that judgment this appeal was prosecuted.

By article 3 of the constitution the powers of the government of this State are divided into three distinct departments: the legislative, executive and judicial; and no person or collection of persons being one of these departments can exercise any power properly belonging to either of the others, except as in the constitution expressly directed or permitted. In the division of the powers of government, legislative authority is assigned to the General Assembly, and it is prohibited from exercising any other function. It cannot annul or set aside decisions of the judicial branch of the government or interfere in any manner with the exercise of judicial power or the execution of judicial judgments. Legislative power consists in establishing rules to regulate and govern in transactions and occurrences subsequent to establishment of the rule, while the judicial function is to construe the law and apply it to transactions or conditions existing at the time of the exercise of the power.

In this case the judicial power was invoked and exercised, and the question whether the supposed validating act established a rule for the court and was the exercise of the legislative function depends upon whether the case had been decided when the act was passed. If the existing law had been construed and applied by the court and the rights of the parties finally determined, it was not within the power of the General Assembly to change the judgment or to direct the court to set it aside and enter a different one.

The argument for the appellants is that the validity of the election had not been finally decided when the act was passed but that the question was still pending and the act furnished a guide to the court as to what the law was or should be when judgment should finally be entered. That argument is answered by and is contrary to the uniform holding of this court in many decisions, and is based solely on the proposition that a petition for rehearing was filed in this court the day after the passage of the act; that a stay order was made staying the execution of the judgment until the petition should be considered, and the petition for rehearing was not denied until the June term, 1921.

In *Boggs* v. *Willard,* 70 Ill. 315, a decree of the superior court of Cook county had been reversed and the cause remanded to that court, with directions to dismiss the bill. All the questions involved had been finally heard, tried and decided by this court, and the superior court obeyed the order by dismissing the bill. A writ of error was prosecuted from this court, and the court said that to maintain the writ would be to hold that controversies could never be ended by judicial sentence; that if the decree of this court did not finally determine the case it was impossible for the court to comprehend how a case could be finally heard and tried, and that the writ of error was, in effect, assigning error on the decision of this court.

In *Sholty* v. *McIntyre,* 136 Ill. 33, the court dismissed an appeal from the Appellate Court for the Third District

because the appeal was not prayed for within twenty days after the rendition of the judgment. A petition for rehearing had been filed in the Appellate Court in accordance with the rules of that court, but it was held that the filing of the petition made no difference, because the date of the rendition of the judgment was in no way affected by the filing of the petition, nor was the judgment itself thereby set aside, superseded or rendered merely interlocutory.

In *Lester* v. *People*, 150 Ill. 408, there was a petition for a rehearing and a suggestion of the death of the appellant pending the petition for rehearing. The court said: "The filing the petition for rehearing can, under the rules of court, have no greater effect than to stay the execution of the judgment pending the petition. It has no effect upon the judgment, and therefore if rehearing is to be denied, as it must be in this case, no necessity exists for reviving the suit in the name of the personal representative of appellant if it is otherwise proper to do so. The order overruling the petition for rehearing would leave the judgment in full force as of the date of its rendition."

*Klein* v. *Boyd*, 169 Ill. 325, was a suit on an appeal bond given on an appeal from a judgment of affirmance by the Appellate Court for the First District. The condition of the bond was, that if Jacob Berkson should duly prosecute his appeal to effect, or in case the order or judgment should be affirmed would surrender himself to the custody of the sheriff of Cook county or pay to the receiver the sum of $7500, the obligation should be void, but otherwise to remain in full force and virtue. The judgment appealed from was affirmed by this court on October 29, 1894, and suit was begun on the bond on November 15, 1894. Berkson, instead of making a payment or surrendering himself within ten days after the affirmance, filed a petition for rehearing and obtained a stay order. The petition for rehearing was denied on March 21, 1895, and the next day a certified copy of the order of affirmance was filed in the

trial court and on that day Berkson surrendered himself to the sheriff. This was within ten days after the denial of the petition for rehearing, but this court held that the surrender was not a compliance with the condition of the bond and was no defense to the suit upon it. It was held that the judgment of affirmance was on October 29, 1894, when the cause was heard and determined by this court, and not on March 21, 1895, when the petition for rehearing was denied, and therefore the condition of the bond was violated. Accordingly the judgment on the bond against Klein as surety was affirmed.

In *Chicago Theological Seminary* v. *People,* 189 Ill. 439, the court called attention to the provision of the Practice act that "in all cases of appeal and writ of error the Supreme Court or Appellate Court may give final judgment and issue execution or remand the cause to the inferior court in order that an execution may be there issued or that other proceedings may be had thereon." The judgment of the county court had been reversed and the cause remanded for further proceedings in accordance with the views expressed in the opinion, (*People* v. *Chicago Theological Seminary,* 174 Ill. 177,) and the court said that under the Practice act, if the court, when the case was before the court, had rendered a final decree dismissing the bill, no one would have claimed that the suit was pending thereafter or that there had not been a final hearing or trial, and that the judgment of this court did not differ in any essential from a decree of dismissal. As to the general rule the court said: "Whatever may be the rule upon this subject in other jurisdictions, a judgment rendered by this court reversing and remanding a cause for further proceedings in accordance with the views expressed in the opinion rendered is a final judgment, so far as the questions decided in the opinion are concerned."

These decisions settle, beyond controversy, the law, that the judgment of this court on April 21, 1921, was a final

and conclusive adjudication that the election for the organization of the community consolidated school district was void; that no district was organized by virtue of the election; that thereafter the question was not pending for future decision; that the judgment of this court had precisely the same effect as if the judgment of ouster had been entered at that time by this court, and that the filing of a petition for a rehearing did not set aside, supersede or render interlocutory the judgment. The supposed validating act, therefore, did not establish a rule for any decision concerning the validity of the election, and it will not be presumed that the General Assembly so intended.

The case of *People* v. *Stitt,* 280 Ill. 553, lends no support to the argument for the appellants, because in that case the judgment of the circuit court was reversed and the cause remanded generally. (*People* v. *Stitt,* 275 Ill. 593.) The case stood as though it had never been tried, and additional pleas were filed and a hearing finally resulted in a judgment of ouster, from which the appeal was taken. In *People* v. *Gilbert,* 281 Ill. 619, the Appellate Court for the Second District had reversed the judgment of the county court for contempt but on a rehearing had affirmed the judgment. The claim that Gilbert had been twice put in jeopardy by the reversal and subsequent affirmance was denied, and what was said related to that question and no former rule was disturbed. In this case the facts and law were finally determined on the former appeal and it was decided that the People were entitled to a judgment of ouster, but instead of entering the judgment the circuit court was directed to enter it. The case being re-instated in that court, it could do nothing else and could not commit an error by entering the judgment.

The judgment is affirmed.          *Judgment affirmed.*