GEORGE WILCOX et al., Appellants, v. E. F. MINER, County Treasurer, Appellee.

JUDGMENT:   Amendment and Correction in Same Court—Modification
1   Under Curative and Legalizing Act.   A decree which adjudges the rights of the *public* under a statute as it exists at the date of the decree may, after the term and after the enactment of a curative and legalizing act, be so modified as to express the public rights under the statute as it exists under the curative act.   (See Book of Anno., Vol. 1, Secs. 10803, 12787.)

CONSTITUTIONAL LAW:   Legislative Powers—Usurpation of Judi-
2   cial Authority.   Principle recognized that the legislature cannot reverse, vacate, or overrule the judgment of a court.   (See Book of Anno., Vol. 1, Const., Art. III, Sec. 1, Anno. 15 *et seq.*)

CONSTITUTIONAL LAW:   Legislative Authority—Curative and Legal-
3   izing Acts.   Principle recognized that the legislature may validate that which the judiciary has invalidated, especially in matters of public right.

APPEAL AND ERROR:   Presentation and Reservation of Grounds—
4   Constitutional Questions.   Constitutional questions not raised in the trial court will be disregarded on appeal.   (See Book of Anno., Vol. 1, Const., Art. XII, Sec. 1, Anno. 8; Sec. 12827, Anno. 64.)

Headnote 1:   21 C. J. p. 716 (Anno.)   .Headnote 2:   12 C. J. p. 829.
Headnote 3:   12 C. J. p. 821 (Anno.)   Headnote 4:   3 C. J. p. 710.

*Appeal from Adams District Court.*—HOMER FULLER, Judge.

NOVEMBER 17, 1925.

REHEARING DENIED FEBRUARY 19, 1926.

PROCEEDINGS on motion filed by defendant in the court be-

low to modify a decree in equity after the term at which the same was entered. Motion sustained. Plaintiffs appeal.—*Affirmed.*

*Dalton & Knop* and *Ed Fackler,* for appellants.

*Ben J. Gibson,* Attorney-general, *Herbert A. Huff,* Assistant Attorney-general, and *Carl Stanley,* for appellee.

STEVENS, J.—On April 18, 1924, a decree was entered in the district court of Adams County, permanently enjoining appellee, who is the treasurer of Adams County, from collecting certain taxes purporting to have been levied under the authority of Chapter 48, Acts of the Fortieth General Assembly, relating to the eradication of bovine tuberculosis, and canceling the lien of said taxes. A portion of the tax having been paid, the court retained jurisdiction to make further orders respecting the disposition thereof. No appeal was taken from this judgment. On April 23, 1924, a curative act, known as Chapter 24, Acts of the Extra Session of the Fortieth General Assembly, attempting to cure prior defects in the statute and to legalize the prior levy of taxes thereunder, and directing the treasurer to collect and distribute the same in accordance with the statute as legalized, became effective.

On October 3, 1924, appellee filed a motion to modify the above decree, so as to permit the carrying out of the provisions of the curative act. Appellants moved to strike the above motion from the files, upon the ground that it was a mere attempt to relitigate the matters involved and already disposed of by final decree, and that the court was without jurisdiction to entertain the motion or to modify the decree. The motion to strike was overruled, and appellants filed answer, setting up merely that the decree was final, and that all matters involved in the action were fully adjudicated thereby, and that the court was without jurisdiction to hear the said motion or to modify or vacate the decree or any part thereof.

The validity of the curative act is in no way attacked by

appellants, and we shall, therefore, treat it as valid. Nor was any claim made in the court below that the original act, as sup-

2. CONSTITUTIONAL LAW: legislative powers: usurpation of judicial authority.

plemented by the curative act, is invalid. Many authorities are cited by counsel for appellants to sustain the well recognized rule that the legislature cannot exercise judicial powers, and cannot reverse, vacate, or overrule the judgment or decree of a court. *McCullough v. Virginia,* 172 U. S. 102 (19 Sup. Ct. Rep. 134); *People ex rel. Lafferty v. Owen,* 286 Ill. 638 (122 N. E. 132); *McNichol v. United States Merc. Rep. Agency,* 74 Mo. 457; *Skinner v. Holt,* 9 S. D. 427 (69 N. W. 595); *Chicago & R. I. R. Co. v. People ex rel. McCord,* 219 Ill. 408 (76 N. E. 571); *Ex parte Darling,* 16 Nev. 98 (40 Am. Rep. 495); *People ex rel. Sprague v. Clark,* 300 Ill. 583 (133 N. E. 247); *In re Petition of Siblerud,* 148 Minn. 347 (182 N. W. 168).

It is also equally well settled that the legislature may validate that which has previously been declared invalid in a judicial proceeding, particularly where a public right is involved.

3. CONSTITUTIONAL LAW: legislative authority: curative and legalizing acts.

*Hodges v. Snyder,* 45 S. D. 149 (186 N. W. 867); *Hodges v. Snyder,* 261 U. S. 600 (67 L. Ed. 819); *State of Pennsylvania v. Wheeling & Belmont Bridge Co.,* 59 U. S. 421 (15 L. Ed. 435); *Utter v. Franklin,* 172 U. S. 416 (43 L. Ed. 498); *Donly v. City of Pittsburgh,* 147 Pa. St. 348 (23 Atl. 394); *Blount v. City of Janesville,* 31 Wis. 648; *Nottage v. City of Portland,* 35 Ore. 539 (58 Pac. 883); *Richman v. Supervisors Muscatine County,* 77 Iowa 513; *City of Emporia v. Bates,* 16 Kans. 495; *Hall v. Street Commissioners,* 177 Mass. 434 (59 N. E. 68); *Lewis County v. Gordon,* 20 Wash. 80 (54 Pac. 779); *Skagit County v. McLean,* 20 Wash. 92 (54 Pac. 781); *State v. Henry,* 28 Wash. 38 (68 Pac. 368); *State v. Newark & N. Y. R. Co.,* 34 N. J. Law 301; *Howell v. City of Buffalo,* 37 N. Y. 267; *Mills v. Charleton,* 29 Wis. 400; *Marion County v. Louisville & N. R. Co.,* 91 Ky. 388 (15 S. W. 1061).

Appellee does not in argument claim that the court has power to vacate or modify a decree in equity adjudicating vested private rights, after the term at which it was entered, in a proceeding such as we are considering. We shall, therefore, assume, without discussion or decision, for the purposes of

this appeal, that the contention of appellants on this point is sound. This does not, however, necessarily dispose of the case. In the absence of some attack on the validity of the statute, we will treat it as in all respects valid and enforcible. The validity of the curative act being assumed, the modification allowed, which practically dissolved the injunction, had the effect only of conforming the decree to the statute, which permitted the levy and collection of the taxes notwithstanding the decree previously entered.

As in the South Dakota case cited supra, after the curative act was passed, the reasons upon which the decree was rendered no longer existed. The decree simply declared the status as it existed at the time of its rendition, and necessarily imposed no restrictions upon the legislature to pass a curative act legalizing the levy of a tax that it could have previously validly authorized. It was not only within the power of the court to modify its previous holding to conform to a valid legalizing act, but it would have been its duty in any subsequent proceeding to give full effect thereto, notwithstanding its previous decree. As to whether the legalizing act is in fact valid, or whether it is invalid because an attempt to vacate, reverse, or overrule the decision of a court of competent jurisdiction, we express no opinion. That question is not before us.

If Chapter 24, Acts of the Extra Session of the Fortieth General Assembly, is invalid, it is because it encroaches upon the judicial power of the state. The question of constitutionality of a statute not properly raised in the court below will not be passed upon by this court on appeal. If we assume that prior defects in the statute were cured by the legalizing act, then the question presented upon this appeal is, in effect, moot, and a reversal will not be granted. It will be observed that the court in its original decree reserved the right to direct appellee by a further order as to the disposition to be made of the taxes already collected by him. In so far as the decree appealed from directed the treasurer in this respect, it is not a modification of the former decree, but is in itself a final order by the court. The rul-

4. APPEAL AND ERROR: presentation and reservation of grounds: constitutional questions.

ing of the court modifying its previous decree is, for the reason pointed out, affirmed.—*Affirmed.*

Faville, C. J., and Evans, Albert, and Morling, JJ., concur.