[No. 7257.  Decided August 17, 1908.]

C. M. MILLER, *Respondent*, v. THE CITY OF SEATTLE, *Appellant*.[1]

MUNICIPAL CORPORATIONS—IMPROVEMENTS—ASSESSMENTS—SPECIAL FUND — DISTRIBUTION OF EXCESS — REFUNDING — PERSONS ENTITLED. Where the penalty and interest paid on delinquent assessments for a municipal improvement exceeds the warrants drawn on the special fund, thereby leaving a balance in the fund after the payment of all warrants drawn on the fund, the distribution of the excess should be to the property assessed based upon the original assessment, and the same cannot be recovered by the parties who paid the penalty and interest.

SAME—DEMANDS FOR EXCESS—LIMITATIONS—POWER OF CITY COUNCIL. In such a case, a provision in the city charter that such excess shall be refunded in case demand be made therefor within two

[1]Reported in 97 Pac. 55.

years after the date upon which assessment became due, and if not
so demanded, shall be transferred to the general fund, is a reason-
able statute of limitations within the power of the city council to
fix, and bars a claim therefor made after the expiration of such
period and nearly four years after the last outstanding warrant
was paid.

Appeal from a judgment of the superior court for King
county, Griffin, J., entered September 9, 1907, upon findings
in favor of the plaintiff, after a trial on the merits before
the court without a jury, in an action to recover a balance
left in a local improvement fund.   Reversed.

*Scott Calhoun, King Dykeman,* and *D. H. Hughes,* for
appellant.

*C. M. Miller,* for respondent.

MOUNT, J.—This action was brought to recover on account
of a balance which was left in a local street improvement
fund after all outstanding warrants had been paid.   The trial
court entered a judgment in favor of the plaintiff as prayed
for.   The defendant appeals.

The cause was tried below, and comes here, on an agreed
statement of facts, in substance, as follows:   In 1896 the
city of Seattle created a local assessment district and levied
assessments upon the property benefited, for paving Cherry
street in the city.   The assessments levied were sufficient
to pay the actual cost of the improvement and no more,
provided the assessments were paid before delinquency.   The
city ordinances provide that assessments became due on De-
cember 24, 1896, and became delinquent January 28, 1897.
After delinquency a penalty of five per cent, together with
current interest, was added up to June 1, 1897, and there-
after interest was added at the rate of fifteen per cent.   All
amounts collected were paid into the local improvement fund,
and when sufficient funds were collected, the outstanding
warrants were called and paid.   Warrants bore interest at
the rate of ten per cent.   One J. D. Lowman did not pay the

assessment on his property. The same became delinquent and remained so for nearly five years. He was the last to make payment into the fund. On June 23, 1902, he paid the assessment, together with the penalty and interest, against lots owned by him. On July 31, 1902, the last outstanding warrant against this fund was paid. By reason of the pen-·alty and interest which had accumulated on delinquent payments, a balance of $699.23 remained in the fund after all warrants drawn against the fund had been paid. The portion of this balance paid by Mr. Lowman was $542.12. The total balance of $699.23 remained in the local fund until March 19, 1904. On that date it was transferred by ordinance to the general fund of the city. Mr. Lowman assigned his interest in this $542.12 to the plaintiff, who, on June 4, 1906, made a demand upon the city for a refund of that amount, which the city refused to make. On March 8, 1907, this action was begun. The trial court was of the opinion that the penalty and interest were collected by reason of the assessment and became a part of the local improvement fund, in which the city had no interest but was merely a trustee, and that the surplus remaining in the fund after the debts were paid belonged to those who paid it in, and for that reason entered judgment in favor of the plaintiff for $542.12, the amount he had paid in as penalty and interest.

We might readily agree that the penalty and interest collected on delinquent assessments became a part of the fund, but to hold that it belonged to the person who pays it into the fund, is to hold that the city has no power to collect a penalty beyond the actual necessities of the fund. As we understand it, it is not contended that the city has no power to collect penalty and interest on deferred payments. This power is practically conceded. The city having power and having legally collected into the fund more than was necessary to pay the cost of the improvement, it follows conclusively that the excess should belong to all the persons who have contributed to the fund, in proportion to the amount of their orig-

inal valid assessments.   In this case the assignor of the plain-
tiff paid into the fund no more than he was legally required
to pay.   There was no excess assessment against his property.
It was assessed for the exact sum which it was benefited,
and which he would have been required to pay had he paid at
the time the assessment became due.   But by reason of his
default, he was required to pay a large sum as penalty and
interest.   This penalty and interest amounted to more than
the interest on outstanding warrants, and by reason thereof,
the fund was benefited to that extent.   A just distribution of
the excess fund thus legally increased is a division among
all of the property assessed based upon the original assess-
ment.   For this reason the judgment of the lower court was
erroneous.

But for another reason we think the plaintiff is not en-
titled to recover in this case.   The city charter provides, at
§ 17, art. 8, as follows:

"Any funds remaining in the treasury belonging to the
fund of any local improvement district, after the payment of
the whole cost and expense of such improvement in excess of
the total sum required to defray all the expenditures by the
city on account thereof, shall be refunded, on demand, to
the amount of such overpayment; and if there shall be such
an excess in the assessment of any person who shall not have
paid his assessment a rebate shall, on demand, be allowed to
such person to the amount of such over-assessment; *Provided,*
Such demand hereinbefore provided for be made within two
years from the date upon which the assessment for such local
improvement district became due.   Any such funds remain-
ing in the treasury after the expiration of two years from the
date aforesaid for which no demand has been made as herein
provided, belonging to any local improvement district, after
the payment of the whole cost and expense of such improve-
ment shall be transferred to the general fund."

No demand was made in this case until nearly four years
after the last outstanding warrants were paid.   It was then
clearly too late under this charter provision.

It is claimed by the respondent that this provision of the

city charter is void because of art. 7, § 5 of the state constitution, which provides:

"No tax shall be levied except in pursuance of law; and every law imposing a tax shall state distinctly the object of the same, to which only it shall be applied."

Assuming that an assessment for street improvements is a tax within the meaning of this constitutional provision, and that the funds created by the assessment could be applied only to that improvement, still, after the improvement is made, paid for, and a balance is left over in the city treasury, such balance must be returned to the owners or retained by the city. There can be no doubt that the city may lawfully fix a specified period within which the excess may be claimed by the owner, and if not so claimed, the right of the owner may not be enforced. This is the provision above quoted. It is a statute of limitation, and as such appears reasonable and valid. In view of this provision of the city charter, we think the action cannot be maintained.

The judgment appealed from must therefore be reversed, and the action dismissed.

HADLEY, C. J., CROW, and DUNBAR, JJ., concur.

FULLERTON, J. (concurring)—I think the city has the right to collect a penalty for the nonpayment of an assessment when due, and that when collected the penalty inures to the city. For this reason I concur in the judgment.