[No. 7821.   Department Two.   June 26, 1909.]

THE STATE OF WASHINGTON, *on the Relation of F. D. McCullough, Appellant,* v. THE CITY OF SEATTLE, *Respondent.*[1]

MUNICIPAL CORPORATIONS—SPECIAL ASSESSMENTS—REFUNDS—LIMITATIONS.  Seattle Charter, art. 8, § 17, requiring demand for refunds on excess payments to be made within two years from the date an assessment is due, is valid as a statute of limitation.

SAME—COMMENCEMENT OF PERIOD—WHEN "DUE."  Seattle Charter, art. 8, § 17, requiring demand for refunds in excess payments to be made within two years from the date an assessment is "due" has reference to the date when an assessment may be paid and the lien discharged without added interest, although the assessment is payable in installments and not delinquent until a later period.

SAME—POSTPONEMENT OF LIMITATION.  Failure to complete an assessment and ascertain whether there would be an excess at the time the assessment is due would not postpone the commencement of the limitation for making a demand for a refund to a time later, in any event, than the completion of the improvement.

SAME—ACTION TO RECOVER REFUND—LIMITATIONS.  Under Bal. Code, §§ 4800, 4805, an action against a city to recover a refund on an excessive assessment must be commenced within at least three years after demand.

SAME—LIMITATION OF ACTIONS—TRUSTS.  There is no trust relation existing between a city and property owners, by reason of the city's collection of excess assessments, that would prevent the running of the statute of limitations upon rights of action by the property owners to recover a refund given them by statute; since the statute runs where the beneficiary has notice and a right of action at law.

Appeal from a judgment of the superior court for King county, Morris, J., entered October 9, 1908, upon findings in favor of the defendant, denying a writ of mandate to compel a city to pay surplus funds collected upon assessments for a local improvement, after a trial on the merits before the court without a jury.   Affirmed.

*C. M. Miller,* for appellant.

*Scott Calhoun* and *Howard A. Hanson,* for respondent.

[1]Reported in 102 Pac. 770.

PARKER, J.—This case comes to us upon appeal from the superior court for King county, where judgment was rendered denying the relator's application for a writ of mandate requiring the city of Seattle to pay to him certain surplus funds collected from his assignors upon assessments for a local improvement in excess of the cost thereof. The facts upon which the respective rights of the relator and the city depend are before us in the findings of the learned superior court, the correctness of which is conceded, and so far as necessary for our consideration are as follows:

The city of Seattle by ordinance provided for improvement of certain alleys to be paid for upon the local assessment plan, creating a local improvement district therefor. Thereafter the city made and approved an assessment roll, charging the property benefited by the improvement in the total sum of $3,436.19, which was certified to the city treasurer for collection on March 22, 1904, and was thereafter payable without interest up to and including April 22, 1904, after which date any unpaid assessments were placed upon the bonding system under the five year plan, payable in five equal annual installments, with interest thereon. The final cost of the improvement was only $2,398.59, which, it will be noticed, resulted in the total assessment being considerable in excess of the cost. It does not appear just when this excess of the assessment over the cost became known, but the improvement was completed August 1, 1904, from which, in the absence of other showing, we will assume that the excess of the assessment over the cost became known not later than that date.

It does not appear from the record why the total cost of the improvement resulted in a less amount than the total assessment, but we regard this of no consequence as affecting the rights of these parties, since all of the relator's assignors have paid their assessments, and all but one small assessment have been collected from the owners of all the benefited property, from which the total cost of the improvement has been paid, leaving a surplus, none of which

has been refunded. This the city now claims as its own because no demand has been made or suit prosecuted to recover the same within the period provided by the city charter and the statutes limiting the time for commencement of actions.

On January 16, 1905, demand was made for refund of excess payment on one lot which had been assessed at $103.75, and on July 27, 1908, demand was made for refund of excess payment on another lot which had been assessed at $207.50; no other demand for refund was ever made, save by the bringing of this action on August 24, 1908. The relator is the owner by assignment of claims of property owners who have paid a total of $2,547.18 upon the assessments, and as such assignee he contends that he is entitled to $974.04 of the surplus assessment so collected. The superior court decided against relator's contention, upon the ground that his right was barred by the charter and state law.

Section 17, article VIII of the Seattle charter provides:

"Disposition of surplus funds.—Section 17. Any funds remaining in the treasury belonging to the fund of any local improvement district, after the payment of the whole cost and expenses of such improvement, in excess of the total sum required to defray all the expenditures by the city on account thereof, shall be refunded, on demand, to the amount of such overpayment; and if there shall be an excess in the assessment of any person who shall not have paid his assessment, a rebate shall, on demand, be allowed to such person to the amount of such over-assessment; Provided, such demand thereinabove provided for be made within two years from the date upon which the assessment for such local improvement district became due. Any such funds remaining in the treasury after the expiration of two years from the date aforesaid for which no demand has been made as herein provided, belonging to any local improvement district, after the payment of the whole cost and expense of such improvement, shall be transferred to the general fund."

In the case of *Miller v. Seattle*, 50 Wash. 252, 97 Pac. 55, this provision of the charter was held to be valid as a statute

42—53 WASH.

of limitation, so far as it affects the rights of one seeking to recover surplus assessments paid by him. So we do not feel called upon to further notice the contentions of appellant's counsel against its validity at this time, especially since such contentions are substantially the same as were made against it in that case.

The principal question in this case arises upon the construction of that part of the charter provision above quoted which requires that the demand for the excess "*be made within two years from the date upon which the assessment for such local improvement district became due.*" And in this connection it is contended by counsel for appellant that since this assessment was payable in five annual installments, at the election of the property owner, it was not all enforcible and hence not due until the end of that period, and that the property owners had two years after the expiration of that period within which to make their claim for the excess; while counsel for the city contend that the word "due" as here used relates to the period within which the assessment may be paid and the lien thereof discharged by the property owners without added interest, which period they contend ended April 22, 1904.

The meaning of the word "due" seems to be influenced largely by the connection in which it is used, and while it has been the subject of many decisions by the courts, no general rule of interpretation can be safely stated therefrom. 10 Am. & Eng. Ency. Law (2d ed.), p. 277; 14 Cyc. 1107. It seems to us, however, that when used in connection with the payment of a tax, as it is here, the word is commonly understood to have reference to the period while the owner has the right to pay the tax and discharge the lien thereof, without added interest or other charge.

We are of the opinion that the word "due", as used in this charter provision, means the expiration of the period within which the assessments could be paid without added interest, and that it was intended to have the two-year limitation

period for making the demand start running at that time. However, the beginning of the period within which the demand must be made may be influenced in this particular case by another consideration seeming to arise on the facts, and that is the improvement was not completed until August 1, 1904, some months after April 22, 1904, the time fixed by the city authorities within which payment of assessments might be made without interest; from which it is argued by counsel for appellant that the cost was not determined until completion, and therefore the fact that there would be a surplus was necessarily unknown. Whether or not the cost was unknown up to the time of the completion of the improvement, is here a matter of inference only. Since we have no direct finding in the record upon that fact, but in view of the assessment being larger in amount than the cost, it is fair to presume it was being constructed by the city in some manner which rendered the final cost thereof determinable only upon completion. This, however, would in any event only have the effect of delaying the starting of the two-year limitation until it became known there would be an excess in the assessment.

Since we conclude that the two-year limitation for making the demand commenced in any event not later than the completion of the improvement on August 1, 1904, and no demand, except as to one lot, was made for a return of the excess until July 27, 1908, and afterwards by the bringing of this action, it is plain that the two-year limitation had practically twice run its course, and therefore barred all claims except as to the excess paid upon the one lot, which was demanded January 16, 1905; but this action was not commenced until August 24, 1908, over three and one-half years after that demand, when it seems plain to us the right of action upon that demand accrued. Whatever period may be considered as the statutory limit for the bringing of this action, it in no event can be longer than three years. Pierce's Code, §§ 285, 289a (Bal. Code, §§4800, 4805).

It is urged by counsel for appellant that the trust relation existing between the city and the property owner who is entitled to the surplus is such that appellant's right is not affected by the statute of limitation. But we think it plain, whatever may be considered the technical nature of such trust, it does not belong to that class of trusts which were formerly exclusively within the jurisdiction of a court of equity. It is clear that appellant had a right of action at law for the recovery of this surplus. It seems to be well settled that when a beneficiary can enforce his rights by an action at law and has notice of his rights, the statute of limitations runs against him. *Kane v. Bloodgood,* 7 Johns. Ch. 90; 25 Cyc. 1155; Wood, Limitations (3d ed.), §§ 123, 200; Kelly, Code Statute of Limitations, §§ 284, 285.

It is unnecessary for us to consider other contentions of appellant, since we are of the opinion that his rights in the premises are all barred by the limitations prescribed in the city charter and the state law. The judgment of the superior court is affirmed.

MOUNT, DUNBAR, and CROW, JJ., concur.

RUDKIN, C. J. (concurring)—I concur in the judgment on the ground that the action is barred by the general statute of limitations of the state.