[No. 8747.   Department Two.   September 24, 1910.]

The State of Washington, *on the Relation of F. D. McCullough, Respondent,* v. The City of Seattle, *Appellant.*[1]

Municipal Corporations—Special Assessments—Refunds—Recovery—Statutes—Retroactive Law. Rem. & Bal. Code, § 7892, providing that any funds in the treasury of a city belonging to the fund of a local improvement district after the payment of the whole cost thereof, shall on demand be repaid to the payors of the fund in cases where the assessment roll had theretofore been filed as well as in cases where it had not been filed at the time of the passage of the act, was intended to be retroactive, and removes the bar of the statute of limitations for the recovery thereof, where the same was passed at the next session of the legislature after a decision of the supreme court upholding the two-year statute of limitations from the delinquency of the assessment as a reasonable one, the city having no moral right to the money, and the ascertainment of the amount often being postponed beyond the two-year period.

Limitation of Actions—Removal of Bar—Constitutional Law—Due Process. The legislature has power by a retroactive law to take away the natural right of a municipal corporation to plead the statute of limitations against a moral claim which in good conscience it ought to pay; and the same does not violate the due process clause of the constitution.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered March 14, 1910, in favor of the plaintiff, upon overruling a demurrer to the application, granting a writ of mandate to compel a city to pay surplus funds collected upon assessments for a local improvement. Affirmed.

*Scott Calhoun* and *Howard A. Hanson,* for appellant.

*Todd, Wilson & Thorgrimson,* for respondent.

Crow, J.—During the year 1905, the city of Seattle, by proper procedure, ordered the improvement of certain streets,

[1] Reported in 110 Pac. 1008.

16—60 Wash.

created a local improvement district, levied and collected special assessment No. 1025, paid the cost of the improvement therefrom, and then had remaining in the special fund an excess of $1,085.99. The relator, F. D. McCullough, by assignment, represents a number of property owners who made payments into the fund. It is conceded that, if he is entitled to any recovery whatever, the sum of $304.06 is due and payable to him. Demand was first made upon the city by the relator or his assignors on June 14, 1909, for repayment of $304.06, and was refused. The relator, on February 18, 1910, applied to the superior court of King county for a writ of mandamus to compel payment. The city demurred, for the reasons that the application did not state facts sufficient to constitute a cause of action, and that the action had not been commenced within the time limited by law. The demurrer was overruled. The defendant refused to plead further. Final judgment awarding a peremptory writ was entered, and the defendant has appealed.

The assessment became due on July 6, 1905, and no demand for repayment of any part of the excess was made by the respondent until June 14, 1909. Under the decisions of this court, announced in *Miller v. Seattle*, 50 Wash. 252, 97 Pac. 55, and *State ex rel. McCullough v. Seattle*, 53 Wash. 655, 102 Pac. 770, the claims of the respondent were barred on and after July 6, 1907. Respondent, while admitting that under the cases cited he could only recover upon a demand made within two years after the assessment was payable without penalty or interest, now predicates his right to a recovery upon chapter 107, Laws of 1909, page 387 (Rem. & Bal. Code, § 7892), since enacted, which he contends has removed the bar of the statute and deprived the appellant of its right to plead the same. In response to this contention, the appellant insists (1) that the act of 1909 was not intended to be retroactive and does not cover cases where the two-year limitation had already run; and (2) that, if it was intended to be retroactive, it is to that extent invalid, as it

violates the provisions of the state and Federal constitutions that no person shall be deprived of property without due process of law.

Did the act of 1909 restore to respondent a right of recovery upon a claim previously barred; or in other words, did it deprive the appellant of its right to plead the statute of limitations which had theretofore run? In arriving at the intention of the legislature, it is necessary to consider and understand the conditions and circumstances existing at the time the statute was enacted. The right of the city to levy by proper procedure a special assessment, in an amount required to pay for the completed local improvement, cannot be questioned, but it would scarcely be contended that it would be authorized to knowingly or intentionally levy such an assessment for any greater sum and appropriate the surplus to other purposes. It is apparent, however, that in some instances excessive assessments have been levied, the result possibly of honest mistakes and miscalculations in making preliminary estimates. The excess of such assessments, over and above the legitimate cost and expense of the local improvements, when collected by the city rightfully, equitably and morally belongs to the property owners in proportion to their payments into the special fund, and should be returned to them in like proportions. The Seattle city charter, § 17, art. 8, provides:

"Any funds remaining in the treasury belonging to the fund of any local improvement district after the payment of the whole cost and expense of such improvement, in excess of the total sum required to defray all the expenditures by the city on account thereof, shall be refunded, on demand, to the amount of such overpayment; and if there shall be such an excess in the assessment of any person who shall not have paid his assessment a rebate shall, on demand, be allowed to such person to the amount of such over-assessment: *Provided*, Such demand hereinbefore provided for be made within two years from the date upon which the assessment for such local improvement district became due. Any such funds remaining in the treasury after the expiration of two years.

from the date aforesaid for which no demand has been made as herein provided, belonging to any local improvement district, after the payment of the whole cost and expense of such improvement shall be transferred to the general fund."

This court, in *Miller v. Seattle*, and *State ex rel. McCullough v. Seattle*, *supra*, held the limitation thus fixed to be a reasonable one, and enforced the same. Many cases, however, might occur, and doubtless have occurred, in which, by reason of delinquencies in payments of installments and delays in making final settlements with contractors, the excess of assessments collected by the city could not, or would not, be ascertained within the two-year limit fixed by the charter. No claim for repayment could be prosecuted until the excess money was actually collected in the special fund and definitely ascertained. The act of 1909 was passed at the first session of the legislature which followed the announcement of the decision of this court in *Miller v. Seattle*, above mentioned, and was doubtless intended to afford relief which this court could not, under the existing law, grant. An examination of the entire act convinces us that it was intended to be retroactive. It first provides, "that any funds in the treasury of any municipal corporation belonging to the fund of any local improvement district after the payment of the whole cost and expense of such improvement, in excess of the total sum required to defray all the expenditures of such municipal corporation on account thereof, shall be refunded, on demand, to the payers into such fund." This language indicates an intention on the part of the legislature to direct that all municipal corporations in this state shall perform the duty of returning to property owners funds rightfully belonging to them, the same being funds to which the municipal corporations have no moral or equitable claim, and to make such duty apply to all funds in the control of the municipality at the date of the enactment of the law, without regard to any previous bar under the statute of limitations. In other words, it was the evident intention of the legislature

to compel the discharge of a moral obligation by the cities of this state.   The statute further provides that:

"No action shall be commenced in any court to obtain any such refund, except upon such demand, and, in all cases where the assessment roll shall have been filed with the treasurer of·such municipal corporation for collection on or after the day this act shall take effect, until ninety days after making such demand, *and in all cases where such assessment roll has heretofore been filed for collection,* until six months after making such demand in accordance herewith."   Rem. & Bal. Code, § 7892.

We hold the statute was intended to authorize a recovery by property owners in all cases where the proceeds of any assessment in excess of the amount needed for the cost and expense of the improvement remained in the custody of the city at the time of its enactment.

Appellant further contends that the act of 1909, if retroactive, is to that extent invalid, as it violates the provisions of the Federal and state constitutions that no person shall be deprived of property without due process of law.   While conceding that, in *Campbell v. Holt,* 115 U. S. 620, the supreme court of the United States held to the contrary, the appellant insists that the arguments and conclusions of Mr. Justice Bradley, contained in his dissenting opinion, are unanswerable; that they have been followed and approved by a majority of the state courts; that we should now adopt his views instead of following the majority opinion, in which it was held that the right to defeat an action for debt, by pleading the statute of limitations, is not a vested or property right which cannot be taken away or destroyed by subsequent legislative enactment, repealing the statute of limitations.   Unquestionably there is a sharp conflict of authority upon the question whether the matured right to plead the statute of limitations, in an action or upon a demand for money or debt, is a vested or property right within the meaning of the constitution.   Many state courts, in cases in

which private individuals asserted a vested or property right to plead the statute after its repeal, have rejected the majority opinion in *Campbell v. Holt, supra,* and followed the dissenting opinion of Mr. Justice Bradley. In this case, however, a municipal corporation, the city of Seattle, insists that its vested right to plead a complete bar cannot be taken away or destroyed without violating the fourteenth amendment to the constitution of the United States. In *State v. Aberdeen,* 34 Wash. 61, 74 Pac. 1022, action was commenced by the state of Washington to recover ten per cent of certain license fees collected by the defendant city. It was conceded that the state's right of action for a portion of these fees had been completely barred prior to the enactment of § 1 of chapter 24, page 26, of Laws of 1903 (Rem. & Bal. Code, § 167), by which Bal. Code, § 4807, was so amended as to provide:

"That no previously existing statute of limitation shall be interposed as a defense to any action brought in the name of or for the benefit of the state, although such statute may have run and become fully operative as a defense prior to the adoption of this act, nor shall any cause of action against the state be predicated upon such a statute."

The state contended that the act of 1903 deprived the city of its right to plead the statute as to the claims previously barred, while the defendant city contended that the retroactive feature of the act violated the provision of the Federal and state constitutions that no person shall be deprived of property without due process of law, and that, when its right to plead the statute had once matured, it became a vested or property right which could not be taken away or destroyed by subsequent legislation. The position thus assumed by the city of Aberdeen was, in substance and effect, identical with that of the appellant in this action. This court, in disposing of the contention thus made by the city of Aberdeen, called attention to the fact that the obligation there involved (like unto the one now before us), was asserted against a

municipal corporation, a subordinate subdivision of the state government, and citing numerous authorities, said:

"The plenary powers of the legislature over municipalities of its own creation have been held to be greater than those pertaining to private corporations or individuals, and, in pursuance of the exercise of such powers, it has been held that the legislature may compel municipalities to pay debts or claims not strictly binding in law, but which are just and equitable in their character and involve a moral obligation. . . . In *New Orleans v. Clark*, 95 U. S. 644, 24 L. Ed. 521, it was held that it is competent for the legislature to impose upon a city the payment of claims, just in themselves, but which, for some irregularity in the proceedings creating them, cannot be enforced at law. It was further held that a law requiring a municipal corporation to pay such a claim is not within the provision of the constitution of Louisiana inhibiting the passage of a retroactive law. . . . In *Sinton v. Ashbury*, 41 Cal. 525, 530, the court said: 'It is established by an overwhelming weight of authority, and, I believe, is conceded on all sides, that the legislature has the constitutional power to direct and control the affairs and property of a municipal corporation for *municipal purposes*, provided it does not impair the obligation of a contract, and by appropriate legislation may so control its affairs as ultimately to compel it, out of the funds in its treasury, or by taxation to be imposed for that purpose, to pay a demand, when properly established, which in good conscience it ought to pay, even though there be no legal liability to pay it.' See, also, *People ex rel. Blanding v. Burr*, 13 Cal. 343; *Creighton v. San Francisco*, 42 Cal. 446; *Grogan v. San Francisco*, 18 Cal. 590; *Town of Guilford v. The Board of Supervisors, etc.*, 13 N. Y. 143; *Lycoming v. Union*, 15 Pa. St. 166; *Mayor etc. v. Sehner*, 37 Md. 180; *Commonwealth v. M'Gowan*, 4 Bibb. (Ky.) 62, 7 Am. Dec. 737."

On the question as to whether the legislature has the power to compel a municipal corporation· to recognize and pay a just moral obligation not enforcible in law, there seems to be but little, if any, conflict of authority. The general rule, sustained by ample citation of authority, is well stated in 8 Cyc., at page 943, in the following language:

"The legislature may compel municipal corporations to

pay claims not enforceable at law or in equity, when they are morally binding, may force municipalities in their public character to incur obligations necessary for the performance of their governmental duties, and may create municipal tort liability."

See, also, *Abernethy v. Medical Lake*, 9 Wash. 112, 37 Pac. 306; *State ex rel. Traders' Nat. Bank v. Winter*, 15 Wash. 407, 46 Pac. 644; *Lewis County v. Gordon*, 20 Wash. 80, 54 Pac. 779; *Lewis County v. McGeorge*, 47 Wash. 414, 92 Pac. 268; *Mayor of Guthrie v. Territory*, 1 Okl. 188, 31 Pac. 190; *County of Caldwell v. Harbert*, 68 Tex. 321, 4 S. W. 607.

In *State v. Seattle*, 57 Wash. 602, 107 Pac. 827, this court said:

"Clearly the legislature has the power to take away from a municipality the right to plead the statutes of limitations, whether the statute has run its full course or not, if the matter involved is only of public concern and does not involve any property right of the city."

The city is under a moral obligation to repay the excess assessments to the respondent in proportion to the payments into the fund heretofore made by his assignors. No property right of the city is here involved, and the legislature had authority to require repayments even though the statute of limitations had fully run at the time it enacted the statute upon which the respondent now relies.

The judgment is affirmed.

Rudkin, C. J., Parker, Dunbar, and Mount, JJ., concur.