[No. 4217–II.   Division Two.   August 8, 1980.]

U. S. OIL & REFINING COMPANY, *Appellant,* v. THE DEPARTMENT OF ECOLOGY, *Respondent.*

*Ray Graves*, for appellant.

*Slade Gorton, Attorney General,* and *Charles W. Lean, Assistant,* for respondent.

PETRIE, J.—In this appeal we are asked to declare that a statute, unchallenged since it was enacted in territorial days of 1854, was impliedly repealed by another statute enacted over 77 years ago. We decline the invitation.

The facts are undisputed. On May 19, 1978, the Department of Ecology (DOE) notified U. S. Oil & Refining Company of the imposition of a civil penalty of $5,000 per day for each of 6 days in 1975 on which U. S. Oil submitted an inaccurate monitoring report to DOE in violation of conditions of a previously issued waste disposal permit. RCW 90.48.144 authorizes that penalty for violation of a waste discharge permit. The penalties were affirmed upon successive appeals to DOE's assistant director, the Pollution Control Hearings Board, and the Superior Court for Pierce County. U. S. Oil appealed to this court, and we reverse on the ground that the statute of limitation had run prior to DOE's imposition of the penalty.

U. S. Oil's contention is that a statute enacted in 1854, last amended in 1869, incorporated into the Code of 1881, and presently embodied prima facie as the law in RCW 4.16.100(2) provides a 2–year statute of limitation for "An action upon a statute for a forfeiture or penalty to the state."[1]

---

[1]Paragraph (2) of section 29, Code of 1881 imposed the 2–year limitation for: "An action upon a statute for a forfeiture or penalty to the territory."

Although this section of the Code has never been amended since statehood, authority exists to substitute the word "state" for the word "territory." Laws of 1889, p. 94.

DOE contends, on the other hand, that RCW 4.16.100(2) was repealed by implication by Laws of 1903, ch. 24, § 1. That statute approved by the Governor on February 27, 1903,[2] provided as follows:

Section 35[3] of the code of civil procedure of Washington, 1881, the same being section 4807 of Ballinger's Annotated Codes and Statutes of Washington, shall be amended to read as follows: Section 35 (section 4807). The limitations prescribed in this act (chapter) shall apply to actions brought in the name or for the benefit of any county or other municipality or *quasi* municipality of the state, in the same manner as to actions brought by private parties: *Provided,* That there shall be no limitation to actions brought in the name or for the benefit of the state, and no claim of right predicated upon the lapse of time shall ever be asserted against the state: *And further provided,* That no previously existing statute of limitation shall be interposed as a defense to any action brought in the name of or for the benefit of the state, although such statute may have run and become fully operative as a defense prior to the adoption of this act,

---

[2]The 1903 statute, as amended by Laws of 1955, ch. 43, §§ 2, 3, was divided and codified as RCW 4.16.160 and .170 as follows:

"(RCW 4.16.160) The limitations prescribed in this chapter shall apply to actions brought in the name or for the benefit of any county or other municipality or quasimunicipality of the state, in the same manner as to actions brought by private parties: *Provided,* That there shall be no limitation to actions brought in the name or for the benefit of the state, and no claim of right predicated upon the lapse of time shall ever be asserted against the state: *And further provided,* That no previously existing statute of limitations shall be interposed as a defense to any action brought in the name or for the benefit of the state, although such statute may have run and become fully operative as a defense prior to February 27, 1903, nor shall any cause of action against the state be predicated upon such a statute."

"(RCW 4.16.170) For the purpose of tolling any statute of limitations an action shall not be deemed commenced until the complaint is filed."

[3]Prior to 1903, section 35 of the Code of 1881 had provided:

"The limitations prescribed in this act shall apply to actions brought in the name of the territory, or any county or other public corporation therein, or for its benefit, in the same manner as to actions by private parties. An action shall be deemed commenced when the complaint is filed."

nor shall any cause of action against the state be predicated upon such a statute. An action shall be deemed commenced when the complaint is filed.

It is quite apparent that in 1903 the legislature pointedly changed the law which, incidentally, had been enacted originally by the territorial legislature of 1854. Prior to 1903, the several statutes of limitation applied "to actions brought in the name of the territory, . . . in the same manner as to actions by private parties."[4] In a most emphatic manner, the legislature declared that *there shall be no limitation to actions brought in the name of the state* and, furthermore, abolished any preexisting defense even though the prior statutory limitation period had completely run.[5]

Our concern is with the extent to which the 1903 act impliedly repealed a "previously existing statute of limitation" (Code of 1881, § 29) which, in the absence of its repeal, can be "interposed as a defense to any action brought in the name or for the benefit of the state."

We start by recognizing that repeals by implication are not favored in the law, *Jenkins v. State,* 85 Wn.2d 883, 540 P.2d 1363 (1975), even in the face of strong language suggesting repeal. *In re Estate of Colman,* 187 Wash. 312, 60 P.2d 113 (1936). As stated in *State ex rel. Reed v. Spanaway Water Dist.,* 38 Wn.2d 393, 397, 229 P.2d 532 (1951):

The *general rule* of statutory interpretation respecting implied repeals, as previously stated, provides that, in

---

[4]Notwithstanding the broad statutory language formerly embodied in section 35 of the 1881 Code, the general statute of limitation did not run against the state and its several subdivisions in all circumstances. *West Seattle v. West Seattle Land & Improvement Co.,* 38 Wash. 359, 80 P. 549 (1905); *Brace & Hergert Mill Co. v. State,* 49 Wash. 326, 95 P. 278 (1908); *O'Brien v. Wilson,* 51 Wash. 52, 97 P. 1115 (1908); *State v. Seattle,* 57 Wash. 602, 107 P. 827 (1910).

[5]To a limited extent, the retroactive feature of the 1903 act has been held not violative of the constitutional right of due process of law. *State v. Aberdeen,* 34 Wash. 61, 74 P. 1022 (1904); *State ex rel. McCullough v. Seattle,* 60 Wash. 241, 110 P. 1008 (1910).

the absence of specific repealing language, a prior act is not repealed by the enactment of a later act relating to the same matter. The *exception* to the general rule permits a repeal by implication if the later act:

1. *Covers the entire subject* matter of the earlier legislation;
2. Is *complete* within itself;
3. Is evidently intended to supersede the prior legislation on the subject; or
4. If the two acts are so clearly inconsistent with and repugnant to each other that they cannot by fair and reasonable construction be reconciled and both be given effect.

We focus on the question of inconsistency and repugnancy. Ever since 1854 the legislature has distinguished between an action which imposes a forfeiture or a penalty and any other type of action. The distinction is usually described as "penal" versus "remedial." *Noble v. Martin,* 191 Wash. 39, 70 P.2d 1064 (1937). Indeed, one of the major issues in *Noble v. Martin, supra,* involved yet another section of the chapter on limitation of actions, RCW 4.16-.080(6), which provides a 3–year limitation on

an action upon a statute for penalty or forfeiture, where an action is given to the party aggrieved, or to such party and the state, except when the statute imposing it prescribed a different limitation: . . .

RCW 4.16.080(6) also traces its history to the first territorial legislature of 1854. As Code of 1881, § 28, it provided:

An action upon a statute for penalty or forfeiture, where an action is given to the party aggrieved, or to such party and the territory except when the statute imposing it prescribed a different penalty.

Subsection (6) of section 28, Code of 1881 was amended in 1923 and again in 1937. It is apparent that those two legislatures did not deem that section to have been impliedly repealed by the broad language of the 1903 statute, even though section 28 imposed a time limitation to an action given to a private party *and the state.* In particular, we note that the 1923 amendment altered the nature of accrual of an action under that section. The time for

accrual was changed from the date on which the penalizing offense occurred to the date on which it was subsequently discovered.[6]

In view of the long recognized distinction between remedial and penal actions and the legislative recognition in 1923 of viability to section 28 of the Code of 1881, we find no insurmountable inconsistency or repugnancy between Code of 1881, § 29 (RCW 4.16.100(2)) and the 1903 amendment to Code of 1881, § 35 (RCW 4.16.160). It is unlikely that the legislature in 1903 would have impliedly repealed one section of the Code of 1881 (section 29) when it did not impliedly repeal the immediately adjacent section (section 28) of the same chapter of that code which also dealt with the same subject matter. The more reasonable interpretation is that the legislature in 1903 simply did not intend to repeal either section.

We hold that the broad language in the 1903 act which prohibits the interposition of any "previously existing statute of limitations" applies only to an action brought in the name or for the benefit of the State when the State is seeking some form of a remedial right, but not when the State is seeking to invoke some form of civil penalty created by statute.

Notwithstanding the continuing viability of RCW 4.16-.100(2), DOE contends, alternatively, (1) the limitation

---

[6]Laws of 1923, ch. 28 amended the section to read:

"6. An action upon a statute for penalty or forfeiture, where an action is given to the party aggrieved, or to such party and the state, except when the statute imposing it prescribed a different limitation: *Provided, however,* The cause of action for such penalty or forfeiture, whether for acts heretofore or hereafter done, and regardless of lapse of time or existing statutes of limitation, or the bar thereof, even though complete, shall not be deemed to accrue or to have accrued until discovery by the aggrieved party of the act or acts from which such liability has arisen or shall arise, and such liability, whether for acts heretofore or hereafter done, and regardless of lapse of time or existing statutes of limitation, or the bar thereof, even though complete, shall exist and be enforcible for three years after discovery by the aggrieved party of the act or acts from which such liability has arisen or shall arise: *Provided further,* That no action heretofore barred under the provisions of this paragraph shall be commenced after ninety days from the time this act becomes effective;"

period only begins to run after a cause of action to collect the penalty accrues in superior court and (2) the action should not be deemed to have accrued until the violation which gives rise to imposition of the penalty has been discovered.

■ In support of its first alternative, DOE directs our attention to statutory distinctions between the agency's right to *impose* the penalty and its right to commence an action in superior court to *collect* that penalty. RCW 90.48.144 provides that any penalty imposed becomes "due and payable thirty days after receipt of a notice imposing the same . . .", but if an appeal is filed, DOE cannot commence an action to collect the penalty until all administrative and judicial avenues challenging its imposition have been exhausted by the penalized party.

In the case at bench, U. S. Oil's *only* challenge to the imposition of penalties for the alleged 1975 violations was that the statute of limitation had run on them. The authority of DOE to *impose* civil penalties stems from statute. RCW 90.48.144. The 2–year period of limitation provided by RCW 4.16.100(2) applies specifically to an action upon a statute which authorizes the State to *impose* a penalty. True, the 1903 statute (now RCW 4.16.170) declared: "[A]n action shall be deemed *commenced* when the *complaint* is filed . . ."[7] (Italics ours.)

---

[7]RCW 4.16.170, created in 1955, as the successor statute to the last sentence of the 1903 statute, converts the affirmative statement of 1903 (and prior) into a negative declaration as follows:

    For the purpose of *tolling* any statute of limitations an action shall *not* be deemed *commenced* until the complaint is filed.

(Italics ours.)

Thus, the 1955 (present) statutory language limits the significance of the sentence solely to the purpose of *tolling* the statute. Accordingly, it would appear to have no significance for the purpose of analyzing when any specific action *accrues*. Nevertheless, we view the action of the 1955 legislature as merely a legitimization of the action of the Code Reviser under the supervision of the statute law committee in performing his duties pursuant to RCW 1.08.015. We do not view the 1955 language as any substantive change from the preexisting law. *See United States v. 1,216.83 Acres of Land*, 89 Wn.2d 550, 574 P.2d 375 (1978).

Because of this wording of RCW 4.16.170, and the explicit language that RCW 4.16.100(2) applies to an "action," DOE suggests that RCW 4.16.100(2) cannot apply to the *administrative imposition* of civil penalties. DOE's assertion is that RCW 4.16.100(2) cannot be applied outside of its *express terms* to proceedings which were unknown when the original version of the statute was enacted over 125 years ago. Such application, DOE suggests, is a matter better addressed to the legislature. Although DOE's suggestion does not explicitly rely upon the provisions of RCW 4.16.170 (or any of its predecessors), nevertheless, DOE's reasoning appears to be that the "commencement" language which has existed for over 125 years cannot mean that this "action" *commenced* when one of the agency's employees notified U. S. Oil of the claimed violations. That is precisely the effect, however, of the enforcement officer's notification of the imposition of the penalty.

Many years ago this jurisdiction acknowledged the importance and the significance of an emerging body of administrative law which must be given ample room to develop and yet be confined within the judicial framework. In *State ex rel. Ore. R.R. & Navigation Co. v. Railroad Comm'n,* 52 Wash. 17, 31, 100 P. 179 (1909), the court wisely commented:

> It is true that the forms of law and procedure under which this [railroad] commission is acting are not in all respects like the forms and procedure governing other courts; and in the language of many of the cases cited by the counsel for appellant, and repeated by the appellants themselves in their arguments, in some respects "it is not a proceeding under the forms and with the machinery provided by the wisdom of successive ages." But it occurs to us that it makes no difference whether it is a proceeding under the forms and with the machinery provided by the wisdom of successive ages, or whether it is under the powers and proceedings provided by this age. Law is a progressive science, and must necessarily regard the changing conditions of society and of the business of the country, and the legislature and courts of today ought certainly to be as well qualified to provide machinery for

the guidance of a commission as was the law–making power two hundred years ago.

The record in the case at bench does not reflect the extent to which the director of DOE has delegated to subordinate employees authority to issue a notice of imposition of a penalty, but the record does reflect that an application for relief from the penalties imposed herein was filed with DOE shortly after the notice was served upon U. S. Oil. Further, the record reflects that on July 13, 1978, an assistant director, presumably pursuant to authority delegated to him by WAC 173–06–030(1)(c), affirmed the penalty assessments and issued a notice of disposition of the application for relief. The administrative proceeding was most certainly commenced when the initiating officer administratively docketed the matter and served the notice upon U. S. Oil. At that point the "action" commenced, and the statute of limitation specifically applicable to "an action upon a statute for a forfeiture or penalty to the state" was tolled. In the case at bench, however, the statute had already run at that point in time.

■ Finally, DOE urges us to apply a "discovery rule" to determine the date on which the action accrued. In most instances, a cause of action accrues the moment the right to commence an action comes into existence. *State ex rel. McMillan v. Miller,* 108 Wash. 390, 184 P. 352 (1919). In the circumstances of this case, that would be the dates on which the claimed violations occurred.

We note that the legislature specifically enacted a "discovery rule" for an action based on a statute for penalty or forfeiture which is given to an aggrieved party and the State. RCW 4.16.080(6). See footnote 6, *infra.* If the legislature had intended to provide a "discovery rule" for the action authorized by the governing statute in the case at bench, it could have done so in 1923 when it extended the rule to the other "penalty or forfeiture" action authorized by RCW 4.16.080(6). We recognize authority for the judiciary to adopt a "discovery rule" based on circumstances where justice demands such an extension to a statute of

limitation. *Gazija v. Nicholas Jerns Co.,* 86 Wn.2d 215, 543 P.2d 338 (1975). Nevertheless, we deem it more appropriate, in the circumstances of this case, to defer to legislative action.

Judgment is reversed, and this cause is remanded with direction to strike the penalties which have been barred by the running of the statute of limitation codified as RCW 4.16.100(2).

REED, C.J., and PEARSON, J., concur.

Reconsideration denied September 25, 1980.

Review granted by Supreme Court November 21, 1980.